SANITARY DISTRICT OF CHICAGO v. LENA BERNSTEIN,

and

SANITARY DISTRICT OF CHICAGO v. AUGUST HAASE.

*Opinion filed October 24, 1898.*

1. CONSTITUTIONAL LAW—*legislature has power to make reasonable discrimination between classes of litigants.* A discrimination between different classes of litigants which is merely arbitrary in its nature is a denial of the right of litigants to equal protection of the law, but if there is a reasonable ground of distinction the legislature has discretion to impose reasonable conditions or restrictions which it deems in furtherance of justice.

2. SAME—*Eminent Domain act of 1897, allowing costs, etc., not special legislation.* The Eminent Domain act of 1897, (Laws of 1897, p. 217,) which provides for the allowance by the court to the defendant of his costs, including reasonable attorney's fees, upon the dismissal of the petition by the petitioner, is not unconstitutional, as being special legislation imposing a charge upon one class of litigants from which other classes are free.

3. SAME—*Eminent Domain act of 1897 not unconstitutional as denying right of jury trial.* The Eminent Domain act of 1897, concerning the allowance of an attorney's fee on dismissal of a condemnation petition, is not in the nature of an action at law to which the right of trial by jury extends, but is in the nature of an allowance for costs incurred in the proceeding; and while the legislature may provide for the recovery of an attorney's fee upon the assessment of damages by a jury, it may also authorize an attorney's fee to be taxed by the court as costs.

4. WAIVER—*one going to trial before the court without objection waives right to trial by jury.* One who proceeds to a hearing of an issue of fact by the court alone, without making any specific objection, waives his right to a jury trial.

5. APPEALS AND ERRORS—*when objections do not raise question of right to jury trial.* General objections, made during the course of a trial, to the competency of the witness and the jurisdiction of the court over the subject matter, do not raise the question of the right to a jury trial for consideration on appeal.

6. EMINENT DOMAIN—*act of 1897 applies to a dismissal at any stage of proceedings.* The Eminent Domain act of 1897 (Laws of 1897, p. 217,) applies to a dismissal of the petition by the petitioner at any stage of the proceedings, whether before or after verdict.

APPEAL from the Circuit Court of Will county; the Hon. R. W. HILSCHER, Judge, presiding.

HALEY & O'DONNELL, (F. W. C. HAYES, of counsel,) for appellant:

Parties to all suits recover the regular costs of court in this State in all actions, real, personal and mixed, by virtue of the statute. Rev. Stat. chap. 33, secs. 7, 8.

Fees and costs cannot be recovered unless they are fixed and given by statute. *Smith* v. *McLaughlin*, 77 Ill. 596.

An attorney's fee imposed on one class of litigants is special legislation, and can only be upheld where it is imposed as a penalty for the failure to perform a public statutory duty. *Railway Co.* v. *Duggan*, 109 Ill. 537.

The right of parties to a trial by jury according to the course of the common law is preserved in Illinois in all disputed questions of fact. *Townsend* v. *Radcliffe*, 63 Ill. 9; *Mascall* v. *Commissioners*, 122 id. 620; *Puterbaugh* v. *Smith*, 131 id. 199; *Ware* v. *Nottinger*, 35 id. 375.

A law imposing special burdens upon one class of persons is unconstitutional. Const. 1870, sec. 14, art. 2.

A State constitution is a limitation on the powers of the legislature. *Burritt* v. *Commissioners*, 92 Ill. 329.

A penalty can only be imposed for non-performance of a legal duty. *Weidenger* v. *Spruance*, 101 Ill. 285.

The legislature may not impose on one class of litigants a burden which other litigants are not subject to under the statute regulating fees in courts of justice. *Railroad Co.* v. *Bloomington*, 76 Ill. 447.

C. W. BROWN, for appellees:

The constitution could not have been intended to require the owner to pay the costs reasonably incurred in a proceeding which results in the taking of his property against his will. Such reasonable costs should be included in the expenses which are required to be paid by a petitioner seeking condemnation. *Railway Co.* v. *Chicago*, 148 Ill. 156.

The manner in which the right of eminent domain shall be exercised rests within the discretion of the legislature.

It may be, and, in point of fact, generally is, effected by a delegation of its power to an agent. 6 Am. & Eng. Ency. of Law, 517, and notes.

Even though the statute provides that a designated class of litigants recover attorney's fees, yet legislation of this character has never been regarded obnoxious to the constitution. *Vogel* v. *Pekoc*, 157 Ill. 339.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Sanitary District of Chicago filed its petition in the circuit court of Will county to ascertain the compensation to be paid for different pieces of land described in the petition and alleged to be required for its use. August Haase owned part of one of these tracts and Lena Bernstein owned part of another, and they were made defendants. There was a preliminary hearing, at which they appeared by their attorney and established their respective titles. Afterward the question of the amount of compensation came on for trial before a jury, and while the jury was being empaneled, after one or two jurors had been accepted, the petitioner dismissed its petition as to the lands of said two defendants, each of whom thereupon filed an application for allowance of attorney's fees as provided by the statute. Evidence was heard by the court, and $100 was allowed to each of them and orders were entered accordingly. The petitioner excepted and has brought the cases here by appeal. They are alike in all their features and the same briefs have been filed in each. We shall dispose of the questions raised in the two cases together.

The first alleged error is, that the statute authorizing the allowance is unconstitutional. It is section 10 of the act concerning eminent domain, as amended in 1897, (Laws of 1897, p. 218,) and is as follows: "The judge or court shall, upon such report, proceed to adjudge and make such order as to right and justice shall pertain,

ordering that petitioner enter upon such property, and the use of the same, upon payment of full compensation, as ascertained as aforesaid, within a reasonable time. to be fixed by the court; and such order, with evidence of such payment, shall constitute complete justification of the taking of such property: *Provided,* that in case the petitioner shall dismiss said petition before the entry of such order or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition, or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants, paid or incurred by such defendant or defendants in defense of said petition, as, upon the hearing of such application, shall be right and just, and also for the payment of the taxable costs."

The ground upon which it is argued that the provision is unconstitutional is, that it is special legislation, and imposes upon one class of litigants a charge from which all others instituting proceedings in court are free. Any other plaintiff or petitioner may dismiss his suit while pending and suffer no penalty beyond the payment of statutory costs, while if a petitioner under the Eminent Domain act shall, for any cause, dismiss the petition, this statute gives a right to the defendant to recover, in addition to the taxable costs, the amount paid or incurred by him for costs, expenses and reasonable attorney fees in his defense. Every citizen has an equal right with every other to resort to the courts of justice for the settlement and enforcement of his rights, and it is true that a discrimination between different classes of litigants, which is merely arbitrary in its nature, is a denial of that right and of the equal protection of the law. If, however, there be a reasonable ground of distinction, so that the discrimination does not appear to be purely arbitrary or evasive of constitutional rights, we think that the legis-

lature has a discretion to impose conditions or restrictions which they may deem in furtherance of justice. That discretion cannot be controlled by the courts, but its exercise must be left to the wisdom and sense of justice of the legislature. We think that no one will fail to observe a difference, in principle and natural justice, between a litigation where plaintiff invokes the action of the court to recover money or property from another and dismisses such action, and a proceeding to ascertain the compensation to be paid for property to be taken for public use. The constitution protects the owner by a provision that his property shall not be taken for public use without just compensation. The proceeding is not the enforcement of individual right, but to settle the condition upon which the sovereign power to take the property may be exercised. The judgment is not binding upon the petitioner, but it may decline to enter upon the property or to make payment of compensation. If the possession is taken and the compensation paid, the owner gets nothing but the fair cash market value of his property, and if it is not paid, or the attempted taking is discontinued by the dismissal of the petition, he is a loser to the extent of the amount expended. The act seems to be in harmony with the spirit and intent of the constitution, and we think it valid.

It is next insisted that the sanitary district had a right to a trial by jury. If such a right had existed it would have been waived. The parties proceeded to a hearing by the court without a jury, and the petitioner interposed no objection, but acquiesced in having the issue determined in that way. (*Burgwin* v. *Babcock*, 11 Ill. 28; *Henrichsen* v. *Mudd*, 33 id. 476; *Phillips* v. *Hood*, 85 id. 450; Am. & Eng. Ency. of Law,—2d ed.—989.) But there was no right to a trial by jury. The provision is in the nature of an allowance for costs incurred in the proceeding by a defendant, and although the legislature may authorize a recovery for attorney's fees in the damages assessed by

the jury, as in case of the failure of a railroad corporation to fence its track, (Rev. Stat. 1874, p. 807, sec. 1,) they may also direct the court to allow such a fee to be taxed as costs, as in the case of a suit for wages. (Laws of 1889, p. 86.) It is not in the nature of an action at law, and the right of trial by jury does not extend to such a provision.

During the course of the trial there was an objection made to the testimony of two witnesses that it was immaterial and incompetent, but the objection was overruled. It is argued that the evidence in question was not competent because it did not separate the charge for services rendered in the capacity of an attorney and those rendered as an agent in an attempt to settle the amount of compensation. The objection was general, and this particular objection, if it had any force, was not pointed out at the trial. It should have been made specifically.

It is next claimed that the act does not apply to a dismissal of a petition before a verdict, but that it is designed to protect the land owner against the outlay for a long and expensive trial, followed by an abandonment of the proceedings after verdict, in case the petitioner is not satisfied with the award. The reason and purpose of the act apply as much to a dismissal at one time as at another, and its language is not limited. It includes any dismissal of the petition.

Lastly, it is contended that the orders of the court in these cases do not answer the requirements of judgments. The petitioners filed their motion for a rehearing to have the orders and judgments set aside, but did not specify any fault in their form. The judgments are for the true amounts and substantially right, and will not be reversed because of the want of accuracy in form. (Rev. Stat. chap. 7, sec. 3; *Pierson* v. *Hendrix,* 88 Ill. 34.) Each contains an order that the money shall be paid within ten days, and this, perhaps, is unauthorized. They will be modified by striking out those provisions, and as so modified they are affirmed.    *Judgments affirmed.*