THE BAY ISLAND DRAINAGE AND LEVEE DISTRICT No. 1, Appellant, *vs.* THE UNION DRAINAGE DISTRICT No. 1, Appellee.

*Opinion filed June 21, 1912—Rehearing denied October 8, 1912.*

1. DRAINAGE—*the drainage laws contemplate two methods of drainage.* The drainage laws of the State contemplate the drainage of lands both by the construction of a sysem of ditches and drains which will carry off the surface waters, and by constructing a system of levees and embankments which will divert the waters of streams and prevent overflow.

2. SAME—*act of 1903, giving lower district a right of recovery against upper district, is invalid.* The act of 1903, (Hurd's Stat. 1911, p. 937,) giving a lower district the right to recover from an upper district a portion of the cost of enlarging and extending the ditches and drains of the lower district according to the extent the upper district is benefited by such enlargement and extension, is unconstitutional, in that it does not give to the up-

per district any right to offset or recover from the lower district benefits which the latter may receive from levee work done by the upper district to divert waters which would otherwise pass through the lower district, as the effect of such act is to deprive the upper district of the equal protection of the law.

FARMER, VICKERS and COOKE, JJ., dissenting.

APPEAL from the County Court of Mercer county; the Hon. HENRY E. BURGESS, Judge, presiding.

This was a petition filed by the appellant district against the appellee district in the county court of Mercer county, where said districts were organized, under the provisions of an act entitled "An act to require drainage districts lying above a lower drainage district, or emptying into a lower drainage district, whether such districts be organized under the same or different drainage laws of this State to pay to the lower drainage district, for benefits received, if any, by the lands of the upper district, by the enlarging or improving of the ditches or drains of the lower district, or the construction of an outlet or outlets for the ditches or drains of the lower district, within or outside the boundaries of said lower district; and to provide for the collection and payment of such benefits," approved May 14, 1903, in force July 1, 1903, (Hurd's Stat. 1911, p. 937,) to recover of the appellee its proportionate share of the cost of enlarging the drains, ditches, pumping plant and outlet of the appellant. A demurrer was filed to the petition and sustained on the ground the act of 1903, under which the petition was filed, was unconstitutional and void, and the appellant having stood by its petition, the same was dismissed and judgment for costs was rendered against appellant, and it has prosecuted an appeal to this court.

The act of 1903 contains six sections, the first of which reads as follows: "That whenever any drainage district heretofore, or that may hereafter be organized under any drainage law or drainage act of this State, enlarges or im-

proves its ditch, ditches or drains, or extends the outlet or outlets of its ditch, ditches or drains within or beyond its boundaries, in the manner provided by law, so as to benefit the lands or any part thereof, within any drainage district or districts lying above such district, or emptying into such district, such upper district or districts so benefited shall be liable to the lower district so enlarging or repairing its ditch, ditches or drains, or extending its outlet or outlets as aforesaid, for the just proportion of the cost of the work of said lower district that such upper district or districts will be benefited by the work of such lower district; and the fact that the lower district constructing the work herein mentioned, is organized and operating under a different drainage act or drainage law of this State from that under which said upper district or districts, or district or districts emptying into said lower district is or was organized or is operating, shall not preclude a recovery hereunder by such lower district." Section 2 provides that in case the amount of the benefits to be paid by the upper district to the lower district cannot be adjusted by the commissioners of the two districts, the lower district shall file a petition, sworn to by at least two of the commissioners of the lower district, in the county court of the county in which the lower district was organized, against the upper district, setting forth the facts upon which the lower district claims relief, together with maps, specifications, etc., showing the work done or proposed to be done, and also an estimate of the cost of the improvement. Section 3 provides that upon the petition being filed the upper district shall be notified thereof, and the case shall be heard and tried at any probate or common law term of said court, and the practice shall be as in cases at common law. Section 4 provides that the court, upon the hearing of the case, shall determine from the evidence what sum, if any, the lower district shall receive from the upper district, and shall render judgment therefor accordingly. Section 5 pro-

vides that it shall not be necessary to establish that the work laid out by the lower district has been completed; and section 6 provides that the commissioners of the upper district shall without delay pay said judgment out of the funds of said district, if any, in their hands which may lawfully be applied to such purpose, otherwise they shall levy an assessment against the lands of said district to obtain the funds with which to pay said judgment.

The petition averred that Bay Island Drainage and Levee District No. 1 contains approximately 19,300 acres of overflowed land situated in Mercer county, between the Mississippi river on the west and the bluff on the east; that a levee has been constructed along the east bank of the river throughout the district, and ditches and drains have been constructed within the boundaries of the district and the waters of the district collected near the south end of the district and there pumped into a channel which conducts the same into the river; that the appellee is situated immediately north of the appellant and drains land located between the Mississippi river and the bluff; that a creek, known as Copperas creek, flows down from the east from the hills into the lands of the appellee and then extends to the river; that heretofore in times of freshets Copperas creek has overflowed its banks and the lands of both districts south of that creek; that appellee has straightened said creek and constructed a levee along its south bank from the bluff to the river, which joins a levee constructed by that district along the east bank of the river, which levee, at the south line of the appellee, connects with the levee of the appellant; that it has constructed drains and ditches north and south, starting near the levee on Copperas creek, which carry the waters of the district south of Copperas creek into Glancey lake, situated near the south boundary of the appellee, from which lake the waters of the appellee south of Copperas creek flow into the ditches and drains of the appellant and thence south across the lands of the ap-

pellant to its pumping plant, where, in order to protect the lands of the appellant from overflow, said increased waters must be pumped by the appellant into the outlet of the appellant, through which it escapes into the river; that the lands of the appellee south of Copperas creek have been organized into sub-district No. 1 of Union Drainage District No. 1 of the towns of Drury, in Rock Island county, and Eliza, in Mercer county, and that said sub-district contains about 4500 acres; that by reason of the waters of .the appellee being collected and thrown into the ditches and drains of the appellant through said lake it has been necessary to increase the size of the ditches, drains, outlet and pumping plant of the appellant at a large expense, and that the proportionate share of that expense which should be contributed by the appellee is the sum of $22,598.60.

W. J. GRAHAM, for appellant.

H. A. WELD, and J. W. MAUCKER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The counsel for appellee have presented numerous contentions which it is insisted establish the unconstitutionality of the act of 1903. It will be observed from the foregoing statement that the waters of the upper district which are situated upon the lands of sub-district No. 1,—that is, the waters of appellee upon lands south of Copperas creek,— have no outlet other than through Glancey lake and the ditches and drains of the lower district, and the flow of the waters of the sub-district into the river through the ditches, drains and outlet of the lower district is the flow which it is claimed by appellant has necessitated the increase of the size of the ditches, drains, pumping plant and outlet of the lower district, and is the expense of construction which the lower district by this proceeding seeks to

recover from the upper district. It also appears from said statement that all the waters of the upper district which heretofore have flowed into the lower district from the watershed of Copperas creek are now confined by the levee on the south bank of Copperas creek and the levee which extends from the mouth of Copperas creek south to the levee of the lower district to the bed of Copperas creek and are excluded from the lands of the lower district. It is argued by the appellee that the waters which have been diverted from the lands of the lower district directly into the river through the new channel of Copperas creek and prevented from flowing upon the lands of the lower district by the levee of the upper district constructed from the bluff to the mouth of Copperas creek and from that point south to the north end of the levee of the lower district are far greater in amount than the waters which are thrown into the lower district from the lands of the upper district south of Copperas creek. Be this as it may, it is very apparent from the averments of the petition that a large volume of water which heretofore flowed down from the watershed of Copperas creek upon the lands of the lower district is now diverted from its natural course and carried by Copperas creek directly into the river and thereby kept off the lands of the lower district. It would therefore seem very apparent, from the location and physical situation of the lands of the two districts, that while the lands of the upper district situated south of Copperas creek are benefited by the improvements made by the lower district, the lands of the lower district have been greatly protected from overflow, and thereby benefited, by the improvements made by the upper district; and it is contended by the appellee that if the benefits which the lower district received from the improvements constructed by the upper district were offset against the benefits which the upper district received from the improvements constructed by the lower district, there would in no event be anything, in the way of benefits,

due the lower district from the upper district. It is said that under the statute the upper district is given no remedy, either by way of offset or by an original action, to recover from the lower district the benefits which it has conferred upon the lower district by the improvements constructed by it, the result of which is that the lower district may, by virtue of the statute, recover for benefits as against the upper district, while the upper district is remediless, as against the lower district, for benefits conferred by the improvements constructed by the upper district, and that therefore the upper district is by said statute, as against the lower district, deprived of the equal protection of the law. In other words, the contention is that the act of 1903 has the effect to confer upon appellant and all other lower drainage districts similarly situated, as against the appellee and all upper drainage districts similarly situated, the special and exclusive privilege to sue for and recover damages for benefits which may be conferred upon an upper drainage district by improvements constructed by lower districts while no such right is conferred upon the upper district as against lower districts, which would deprive the upper district of the equal protection of the law,—and this would seem to be true from the language of the statute. Section 1 of the act of 1903 provides that whenever any drainage district shall enlarge or improve its ditches or drains or extend its outlet within or beyond its boundaries, in the manner provided by law, so as to benefit the lands of a district lying above such district or emptying into such district, such upper district or districts so benefited shall be liable to the lower district so enlarging or repairing its ditch, ditches or drains, etc., for the just proportion of the cost thereof to the extent the upper district will be benefited by such enlargement, etc. While no provision is made for the recovery of benefits by an upper district from a lower district, the drainage laws of this State clearly contemplate that lands may be improved for agriculture and sanitation by

draining therefrom the surface waters thrown upon the lands by rains, melting snow or otherwise, by a system of drains and ditches, or by protecting lands from overflow and wash by the construction of a system of levees and embankments whereby the waters of creeks and rivers are diverted from the lands. There can be in law or justice no reason why a lower district, which has carried away the waters of an upper district by drains and ditches, should be compensated, by way of benefits, for improvements made by it, any more than an upper district shall be compensated for benefits in case such upper district shall by a system of dykes, embankments and levees protect the lands of a lower district from being inundated from the overflow of creeks and rivers whose waters are situated at a higher elevation than the lands of a lower district. This being true, it would seem that a statute, in order to be free from constitutional objections, must confer the same right of recovery upon the upper district for benefits which have been conferred upon a lower district by improvements constructed by the upper district in the form of levees, dykes and embankments, that it confers upon the lower district to recover from an upper district for benefits which it derived from the use of ditches, drains and outlets constructed by the lower district. The constitution is a guaranty that all valid enactments of the legislature shall be uniform in operation upon persons and property and that all persons shall have the equal protection of the laws of the State. Clearly, one person or corporation cannot be given the right to sue and recover for damages or benefits and another person or corporation similarly situated be deprived of such right. In *Sanitary District of Chicago* v. *Bernstein,* 175 Ill. 215, on page 218, it was said: "Every citizen has an equal right with every other to resort to the courts of justice for the settlement and enforcement of his rights, and it is true that a discrimination between different classes of litigants which is merely arbitrary in its nature is a de-

nial of that right and of the equal protection of the law."
In *Jones* v. *Chicago, Rock Island and Pacific Railway
Co.* 231 Ill. 302, the legislature sought to confer upon this
court the right to review the findings of the Appellate Court
in case that court found one way, while if the finding was
the other way the finding of that court as to the facts was
made conclusive upon this court, the effect of which was
to give one party to the litigation the right to an appeal
to this court, while the other party, although similarly situ-
ated, was deprived of the right to have his case reviewed
in this court, and it was held the statute was unconstitu-
tional and void, as depriving one party to the litigation of
the equal protection of the law. We think that case, in
principle, decisive of the case at bar.

It is urged that a recovery was permitted under the
provisions of the act of 1903 by a lower district against
an upper district in *Drainage Comrs.* v. *Drainage Comrs.*
211 Ill. 328, for benefits received by the upper district for
an improvement made by the lower district, and that the
remedy provided for by the statute of 1903 was approved
in *People* v. *Crews,* 245 Ill. 318. The first case came to this
court through the Appellate Court, and the unconstitution-
ality of the statute was not raised in the *Crews case.*

For the reason given we are of the opinion the act of
1903 is unconstitutional, and that the county court did not
err in declining to grant the prayer of the petition of the
lower district, and that the judgment of that court should
be affirmed.                               *Judgment affirmed.*

FARMER, VICKERS and COOKE, JJ., dissenting.