## A. M. GENTRY v. GRIFFITH, HYATT & CO.

Members of the legislature are not privileged against service of citation in civil suits, by virtue of the provision in the constitution of the State granting an immunity from arrest to such members during the session of the legislature, and while going to and returning from the same.

ERROR from Harris. Tried below before the Hon. P. W. Gray.

The defendants in error brought this suit in the District Court of Harris county, against the plaintiff in error and George K. Otis, on a promissory note for $149. The petition was filed on the 5th of August, 1859. On the 8th of August, 1859, citation for A. M. Gentry, issued to the sheriff of Harris county, and in November following was returned "no service, the within named A. M. Gentry not to be found in my county." Thereupon an alias citation for the defendant Gentry issued to the sheriff of Travis county, who executed it in due form on the 21st of November, 1859.

On the 1st of December, 1859, the following exception to the service was filed by the attorneys of the defendant Gentry: "And now comes Cone & Goldthwaite, attorneys for A. M. Gentry, one of the defendants in the above entitled cause, for the purpose of making this plea alone, and say that the said defendant should not at this time be required to appear to answer this petition, because of his privilege as senator for Harris county; and he is now, and was at the time of the service of the citation, in attendance upon the legislature in the discharge of his public duties, at the seat of government of the State." Sworn to and subscribed by one of the defendant's attorneys.

This exception or plea was overruled by the court; and no other defence being pleaded by the defendants, judgment against them was rendered by default, from which the defendant Gentry prosecutes his writ of error, assigning that "the court erred in overruling defendant's plea of privilege or exception to the service, and in rendering judgment against him by default."

*Cone & Goldthwaite*, for the plaintiff in error.

*Rogers*, for the defendants in error.

Moore, J.—We are of the opinion that the exception to the service of the citation in this case was properly overruled. The only question in the case depends upon the proper construction of section 16, article 3 of our State constitution, which reads as follows : " Senators and representatives shall, in all cases, except in treason, felony, or breach of the peace, be privileged from arrest during the session of the legislature, and in going to and returning from the same, allowing one day," &c. The counsel for the appellant insist, in an ingenious and able argument, that this clause of the constitution gives members of the legislature an immunity from service of citation in civil suits, as well as from all such process as authorizes their caption. We can not agree, however, that this is the proper construction of this provision of the constitution. Certainly it is not the ordinary or legal import of the language used in it. The general definition of the word arrest is, " to stop," "to seize," " to deprive one of his liberty by virtue of legal authority;" "the apprehension of a person by virtue of lawful authority, to answer to the demands against him in a civil action." It would be difficult to distort any of these definitions so as to make them applicable to the simple service of citation, or giving notice to answer in a civil action. The last of these definitions is the only one which can be claimed to have the slightest analogy to it; but this is only in reference to the purpose for which the arrest was made, or the citation served. There is none, however, in the acts themselves. This definition grows out of the common law manner of commencing civil actions by an arrest of the body of the defendant, which we have abolished. Doubtless if there was any such process known to our judicial system, our legislature would be secured against its application to them during the continuance of the parliamentary privilege conferred upon them by the constitution. If it had been intended to prohibit service of citations in civil actions upon members during their attendance upon the legislature, it would have been said in the constitution,

that they should be exempt from "actions," "suits," "citations," "process," &c., or some other language would have been used, from which this intention could have been fairly inferred. A good many authorities have been cited to sustain the construction contended for by the appellant; but an examination of such of them as are accessible to us, shows that they were adjudicated where the common law furnished the rule by which the extent of parliamentary privilege is tested, or where civil actions are instituted by an arrest of the person of the defendant.

There is no error in the judgment, and it is, therefore, affirmed.

Judgment affirmed.