EDWARD L. PHILLIPS, Plaintiff in Error, *vs.* LEE O'NEIL BROWNE, Defendant in Error.

*Opinion filed October 27, 1915.*

1. CONSTITUTIONAL LAW—*section 126 of the Practice act does not violate section 14 of article 4 of constitution.* Section 126 of the Practice act, which exempts members of the General Assembly from the service of civil process during a session, does not contravene section 14 of article 4 of the constitution, concerning the exemption of members of the General Assembly from arrest.

2. SAME—*statute exempting members of the General Assembly from service of civil process during session is invalid.* Section 126 of the Practice act, which exempts members of the General Assembly from the service of civil process during the session of such assembly, is in violation of the provision of section 22 of article 4 of the constitution that no local or special law shall be passed granting to any corporation, association or individual any special or exclusive privilege or immunity.

3. SAME—*the exemption from arrest does not include the service of civil process.* The exemption from arrest which is granted by section 14 of article 4 of the constitution to members of the General Assembly does not include exemption from the service of civil process.

CRAIG, J., dissenting.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. C. N. GOODWIN, Judge, presiding.

SHEPARD, MCCORMICK, THOMASON & PATTERSON, for plaintiff in error.

FRANK D. AYERS, (SAMUEL ALSCHULER, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, Edward L. Phillips, brought his action in trespass in the superior court of Cook county on November 4, 1911, against defendant in error, Lee O'Neil Browne. The declaration consisted of one count and was in the usual form of a declaration in trespass for assault and battery. To this declaration the defendant in error filed a special plea in abatement, in which it was averred that the defendant in error was a resident of LaSalle county; that at the time the said suit was commenced he was a duly elected member of the General Assembly of the State of Illinois; that prior to the commencement of the suit the Governor of Illinois convened a special session of the legislature, which continued until November 14, 1911; that defendant in error, as a member of the General Assembly, was present and took part in the deliberations of said special session; that the summons in this cause was served upon him during said special session and while defendant in error was present in Cook county; that there is in force in the State of Illinois a certain statute, being section 126 of an act in relation to practice and procedure in courts of record, which is as follows: "Any member of the General Assembly shall be exempt from the service of any civil process during the session of the General Assembly;" that by virtue of said statutory provision, and by reason of the fact that at the time of the said service of summons upon him defendant in error was a member of the General Assembly and a session of the same was then in existence, he was not subject to service of process in this cause, and that therefore the superior court of Cook county did not have jurisdiction of the defendant in error. To this plea plaintiff in error interposed a general demurrer, which was overruled. Plaintiff in error having elected to stand by his demurrer, judgment was entered against him for costs, and this writ of error has been sued out to review that judgment.

It is contended that the section of the statute set out in the plea, being section 126 of an act in relation to practice and procedure in courts of record, (Laws of 1907, p. 470,) is unconstitutional; and further, that that section has no application to a special session of the legislature. The contention of plaintiff in error is, that said section 126 contravenes section 14 of article 4 of the constitution, which is as follows: "Senators and representatives shall, in all cases, except treason, felony or breach of the peace, be privileged from arrest during the session of the General Assembly, and in going to and returning from the same; and for any speech or debate in either house, they shall not be questioned in any other place." The argument advanced in support of this contention is, that when the constitution expressly conferred this immunity it impliedly limited the right of the legislature to extend the exemption further than provided by the constitution itself. This contention cannot be sustained. That our constitution is not a grant of power but is a limitation upon the power of the General Assembly is too well recognized to require the citation of authority. This provision of the constitution constitutes no exception to the general rule.

Said section 126 does, however, contravene section 22 of article 4 of the constitution, which provides that "the General Assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: For * * * granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." Section 126 singles out a particular class of public officials and grants to the individual members of that class special immunity from the service of civil process during the periods when they are actually and theoretically engaged in the performance of their official duties. In *Sanitary District* v. *Bernstein,* 175 Ill. 215, we said: "Every citizen has an equal right with every other to resort to the courts of justice for the settlement and enforcement of his rights,

and it is true that a discrimination between different classes of litigants, which is merely arbitrary in its nature, is a denial of that right and of the equal protection of the law."

The members of the General Assembly constitute but a portion of the public officials chosen to transact the business of the State, and we perceive no good reason why they should be singled out as immune from service of civil process while engaged in the line of their duty any more than the members of any other class of public officials. If the purpose of the provision is to prevent suits being brought against members of the General Assembly in foreign counties into which they may be required to go in the performance of their official duties, then the law applies only to a portion of the public officials of this State who are at times required to leave their home counties to perform their official duties. While for some purposes the members of the General Assembly may be properly considered as in a class by themselves, it needs no extended argument to show that they cannot be regarded as in a class by themselves for all purposes of legislation. Thus, it would hardly be contended that a statute which granted to members of the legislature, as a class, more liberal exemptions from levy and sale under execution than those granted to other citizens of the State, would be valid. That the statute operates uniformly upon all members of a class created as the beneficiaries of the act is not the sole test to be applied, but in order to avoid the constitutional inhibition last above quoted it must also appear that there is a sound basis, in reason and principle, for regarding the class of individuals as a distinct and separate class for the purpose of the particular legislation. In *People v. Board of Supervisors,* 185 Ill. 288, we said: "A class cannot be created by arbitrary declaration of the law-making power and endowed with special legislative favors. It is essential to the validity of the classification, in such instances, it shall be based on material distinctions in the situation and circumstances of the individuals who are to be em-

braced therein, and the grounds of distinction and classification must have relation, in reason and principle, to the privileges proposed to be granted to the individuals, as a class, by the proposed legislation." Again, in *Jones* v: *Chicago, Rock Island and Pacific Railway Co.* 231 Ill. 302, it was said: "When a law is made applicable only to one class of individuals, however, there must be some actual, substantial difference between the individuals so classified and other individuals in the State or community, when considered with reference to the purposes of the legislation. The class, if the law confers a benefit upon it, must be composed of individuals possessing in common some disability, attribute or qualification, or in some condition marking them as proper objects in whom to vest the specific right granted unto them." To the same effect are *People* v. *Kewanee Light Co.* 262 Ill. 255, *Chicago, Burlington and Quincy Railroad Co.* v. *Doyle,* 258 id. 624, and numerous other cases decided by this court.

The creation of a class of public officials, consisting solely of members of the General Assembly, upon whom the legislature confers immunity from the service of civil process while engaged in the performance of official duties is not based upon any actual, substantial difference in circumstances or condition between the members of the General Assembly and other public officials of the State who in the performance of their official duties are required to spend a portion of their time in counties in which they do not reside. It may well be that as statutes exempting firemen and certain others from jury service, and like statutes, are valid, so an act intended to prevent the compulsory attendance of members of the General Assembly upon court during sessions of the legislature would not violate the constitutional provision above quoted, the duties of members of the legislature being so dissimilar from those of any other class of public officials of the State as to warrant legislation preventing their compulsory attendance upon court during sessions

of the legislature while not extending the same immunity to other public officials. Such, however, is not the purpose of said section 126, as is clearly apparent from the fact that if a member of the General Assembly should be served with process of summons before the beginning of the session requiring him to appear in court at some fixed time during the session, or if, after having been served with process of summons prior to the session, his case is set for trial during such session, section 126, *supra,* would furnish no excuse or justification for not appearing in court at the time so fixed. On the contrary, section 66 of the Practice act takes care of this situation by providing that in all suits or proceedings, either civil or criminal, at law or in equity, pending in any court of this State at any time when the General Assembly is in session, it shall be sufficient cause for a continuance if it shall appear to the court by affidavit that any party applying for such continuance is a member of either house of the General Assembly and in actual attendance on its sessions, and on the filing of such affidavit the court shall continue such suit, and when so continued no trial or other proceeding shall be had therein until ten days after the adjournment of the General Assembly.

Section 126 of the Practice act is not in conflict with said section 14 of article 4, but it is in conflict with said section 22 of that article, and is therefore invalid.

It is urged by defendant in error that even in the absence of said section 126 of the Practice act he is entitled to exemption from the service of process in this case under said section 14 of article 4 of the constitution, for the reason that the exemption from arrest granted by that article of the constitution should also be held to include exemption from service of civil process, and in support of this contention he cites *Anderson* v. *Rountree,* 1 Pinney, 115, *Doty* v. *Strong,* id. 84, *Miner* v. *Markham,* 28 Fed. Rep. 387, *Bolton* v. *Martin,* 1 Dall. 296, and *Geyer* v. *Irwin,* 4 id. 107. These cases hold, in substance, that the

words "privileged from arrest" will not be construed in a confined or literal sense, and that the member of a legislative body to whom the privilege is extended is entitled to exemption from service of process although the same is not accompanied with the arrest of his person. The great weight of authority is against this proposition, and we are of the opinion that the cases holding to the contrary are supported by the better reasoning. Among the cases holding that privilege from arrest does not constructively include exemption from the service of civil process, are *Merrick* v. *Giddings,* McA. & M. (D. C.) 55; *Johnson* v. *Offutt,* 4 Metc. (Ky.) 20; *Catlett* v. *Morton,* 4 Litt. 122; *Rhodes* v. *Walsh,* 55 Minn. 542; *Berlet* v. *Weary,* 67 Neb. 75; *Worth* v. *Norton,* 56 S. C. 56; *Gentry* v. *Griffith,* 27 Tex. 461; *McPherson* v. *Nesmith,* 3 Gratt. 237; *Kimberly* v. *Butler,* 14 Fed. Cas. 498; *Howard* v. *Citizens' Bank and Trust Co.* 12 App. Cas. (D. C.) 222. We concur in the holding in those cases that the exemption granted is an exemption from arrest with a view to imprisonment, and nothing else.

It will not be necessary to consider the other point urged.

For the reasons given, the judgment of the superior court is reversed and the cause is remanded to that court, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*

Mr. JUSTICE CRAIG, dissenting:

Under the rule for determining the constitutionality of a statute we should hold the statute constitutional unless we are satisfied that it is unconstitutional beyond all reasonable doubt. This rule particularly applies to the statute in question, which affects certain privileges which the General Assembly has seen fit to grant to the members thereof the better to facilitate their work. Section 22 of article 4 of the constitution provides: "The General Assembly shall

not pass local or special laws in any of the following enumerated cases: * * * Granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." The constitution does not prohibit the granting of a special or exclusive privilege, immunity or franchise by general law,—the prohibition is against doing so by a local or special law. The constitution, by article 3, expressly divides the powers of the government of the State into three distinct departments,—the legislative, executive and judicial. This, in itself, is a classification by the fundamental law of the State, and places the members of the legislative department, constituting the General Assembly, in a class by themselves, distinct from other State officers. Aside from this the classification is not arbitrary, and there are good reasons for holding the law in question valid and necessary.

In *Munn* v. *People,* 69 Ill. 80, section 22 of article 4 of the constitution is quoted, and with respect to its meaning it is there said (p. 85) : "The inhibition extends only to passing special laws for such purpose. But the law in question is general in its objects, operative throughout the State, and confers no immunity or special or exclusive privilege or franchise upon any individual, association or corporation. It deals with an existing business closely associated with the great agricultural interests of the State and seeks to regulate it by law. This is the whole scope of the act."

The point in question is the distinction between "local," "special" and "general" laws. A local law is defined in *People* v. *Wilcox,* 237 Ill. 421, (on page 424,) as being a law which relates to only a portion of the territory of the State, and it is said the word "special" is more appropriately applied to laws that grant some special right, privilege or immunity to some portion of the people of the State less than all. In *People* v. *People's Gas Light Co.* 205 Ill. 482, it was held that the act of 1897, authorizing merger of gas companies in the same city, was not violative of sec-

tion 22 of article 4 of the constitution, prohibiting special laws granting exclusive privileges to any corporation, association or individual, for the reason that it applied to all gas companies doing business in the same city. On page 494 of the opinion, with respect to whether or not a law is special, it was said: "These laws are general and uniform, not because they operate upon every person in the State, for they do not, but because every person who is brought within the relations and circumstances provided for is affected by the laws. They are general and uniform in their operation upon all persons in the like situation, and the fact of their being general and uniform is not affected by the number of those within the scope of their operation."

Laws public in their objects may be confined to a particular class of persons if they be general in their application to the class to which they apply, provided the distinction is not arbitrary but rests upon some reason of public policy growing out of the condition or business of such class. Such distinctions are being constantly made, as in cases of infants, married women, laborers, heads of families, common carriers and the like. For example, it may be public policy to give laborers a lien or other preference for the collection of their wages not given to other creditors, or give a lien to laborers in some one line of employment while it would be neither practicable nor policy to give it to laborers in other employments. Laws which provide that the homestead to the value of $1000 to the head of a family and $400 in personal property shall be exempt from forced levy and sale for debt have never been questioned. Section 4 of chapter 78, entitled "Jurors," exempts certain persons and public officers from jury service, and if the act in question is unconstitutional then that act also must be held unconstitutional. So long as a law applies equally to all engaged in that kind of business, treating them all alike, subjecting them to the same restrictions and giving

them the same privileges under similar conditions, it is public in its character and not subject to the objection of being partial or unequal legislation, provided, of course, as already stated, the distinction made is based on some reason of policy and is not purely arbitrary. *Potwin* v. *Johnson,* 108 Ill. 70; *People* v. *Wright,* 70 id. 388; *People* v. *Martin,* 178 id. 611; *Dawson Soap Co.* v. *City of Chicago,* 234 id. 314; *People* v. *Nellis,* 249 id. 12; *People* v. *Kaelber,* 253 id. 552.

Section 126 of the Practice act is not a special law granting an exclusive privilege or immunity to an individual. Every member of the legislature or any individual elected to that office has certain powers and duties, and, it may be said, certain special privileges common and necessary to that office. Among these is the right to a voice and vote in the enactment of laws, the right to receive a salary and certain perquisites, the right to a seat in the branch of the General Assembly to which elected, and to the use of the capitol building. Under the constitution every member is privileged from arrest except for certain offenses. Sections 66 and 126 merely bestow those privileges which the law-making power has deemed necessary and incidental to properly performing the duties of that office. They can not be said to be exemptions to an individual who has no public duties to perform. They are exemptions pertaining to the office, bestowed on all those, as a class, who hold such office. The fact that other officers of the State have not been granted such an exemption is no reason why members of the General Assembly should not be allowed that privilege. There is so great a difference between members of the General Assembly and other State officers as to qualifications, tenure, residence and general duties that it would be impossible to place them all in one classification for all purposes. Many of the other State officers are provided with assistants and a considerable office force, so that the business of their respective offices goes on in case of an

enforced absence. But this is not true of members of the General Assembly. They must be personally present during the sessions and cannot delegate their votes and the proper performance of their duties to others. Other State officers would be exempt from service during the whole of their terms of office, while members of the General Assembly,— representatives elected for terms of two years and senators for four years,—would not be exempt from the service of process during the whole of their terms of office, but, on the contrary, for only a part of such terms, viz., while the legislature is in session. It is undoubtedly the intent of all laws governing the procedure of the legislature that the members should go into session, transact the necessary business of that body and adjourn, and not remain in continuous session. They should not be harassed by lawsuits and compelled to absent themselves from the sessions of the legislature when the actual presence of each member is necessary in order that all the people may have representation.

It is difficult to see how section 126 is contrary to section 22 of article 4 of the constitution unless section 66 is also and for the same reason contrary to the constitution. It cannot be said that a right to a continuance merely because the party to a suit, or his attorney, is a member of the General Assembly is not a privilege or immunity just as much as the exemption of a member of the General Assembly from the service of civil process while the General Assembly is in session. The constitutionality of section 66 has never been questioned. It has frequently been construed by this court, and we have held that it is error to refuse to continue a case on application where the party applying for a continuance has brought himself within the provisions of the section. *St. Louis and Southeastern Railway Co.* v. *Teters,* 68 Ill. 144; *Chicago Public Stock Exchange* v. *McClaughry,* 148 id. 372; *Ware* v. *City of Jerseyville,* 158 id. 234.