## DOYLE-KIDD DRY GOODS COMPANY *v.* MUNN.

### Opinion delivered February 13, 1922.

PROCESS—EXEMPTION OF MEMBER OF LEGISLATURE.—A member of the Legislature, while in attendance and in the discharge of his duties at a session of the General Assembly, can be served with summons in a civil action to appear after the adjournment of the Legislature at a future date in a court of competent jurisdiction to defend in such court.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Rogers, Barber & Henry,* for appellant.

Sec. 436, C. & M. Digest, provides for service of summons at any time or place, and there is no exception in favor of members of the Legislature. Such service does not violate any rule of public policy, as sec. 430, C. & M. Digest, provides for the continuance of such civil suit until 15 days after the adjournment of the Legislature. To exempt legislators from service of summons during session of Legislature would be to grant special privileges and immunities to a class or individuals. 21 R. C. L. sec. 47.

No brief for appellee.

WOOD, J. The appellant instituted this action against the appellee in the Pulaski Circuit Court. In his complaint the appellant asked for judgment in the sum of $2,558.04 on account for merchandise. alleged to have been sold and delivered to the appellee. Summons was issued, and the return of the sheriff thereon shows service on the 10th of March, 1921. The appellee entered an appearance only for the purpose of moving to quash the service. In his motion he alleged that he

was a resident and citizen of Nevada County; that at the time the summons was served on him he was attending a session of the Legislature; that he was in the discharge of his duties as such member of the Legislature at the time, and was therefore privileged from the service of such process. The court heard the motion as on demurrer thereto and sustained the same. Judgment was entered quashing this service, from which is this appeal.

The question on this appeal is whether or not a member of the Legislature, while in attendance and in the discharge of his duties at a session of the General Assembly, can be served with summons in a civil action to appear after the adjournment of the Legislature at a future date in a court of competent jurisdiction, to defend such action in such court. Our statute (sec. 429, C. & M. Digest) exempts members of the Senate and House of Representatives from arrest for fifteen days before the commencement and after the termination of the session of the Legislature. But the statute provides that "nothing contained in the provisions of this act shall be so construed as to extend to cases of treason, felony, or breach of the peace, or to privilege any person named from being served at any time or place herein specified with a summons or notice to appear." (Sec. 436, C. & M. Digest.) The statute also provides: "All proceedings in suits pending in any of the courts of this State in which any of the persons named in the preceding section are parties, should be stayed during the time aforesaid." Among the persons named in the preceding section are members of the House of Representatives.

The action against the appellee is of that class that may be brought in any county in which the defendant or one of several defendants resides or is summoned. (Sec. 1176, C. & M. Digest). Under the express provision of § 436, *supra,* the appellee was not exempt from the service of summons. That privilege was not

extended to him as in cases of arrest. We have a statute exempting witnesses from suits in counties where they do not reside while going, returning, or attending in obedience to a subpoena (§ 4171, C. & M. Dig.) and on the ground of public policy this court extended the rule to include litigants while in attendance upon judicial proceedings in courts other than those of their residence. See *Powers* v. *Arkadelphia Lumber Co.,* 61 Ark. 504; *Martin* v. *Bacon,* 76 Ark. 158.

In *Paul* v. *Stuckey,* 126 Ark. 389, we held that the rule of public policy which would exempt litigants from being sued in counties other than their residence while attending court in those counties, did not extend such exemption or privilege to attorneys while in attendance upon courts in the professional capacity as attorney and officer of the court. The reason for this is that such service of summons would not interfere with the orderly administration of justice. In that case we held that the reason upon which the rule is founded is that "it is to the public interest and for the public good that courts be untrammeled in their efforts to administer justice between parties to causes pending before them." But no such rule of public policy, of course, could apply in the case of members of the General Assembly. For under the statute above quoted (§ 430, C. & M. Digest) an action in which a legislator may be a party is stayed. In other words, a civil action in which the legislator is a party is stayed by virtue of the statute during the session of the Legislature and for fifteen days prior, and also fifteen days subsequent thereto. Therefore, any supposed grounds of public policy because of interference with the making of laws in the public interest are eliminated by the express provision of the statute which holds in abeyance any proceedings instituted against a member of the Legislature during the time required for the performance of his duties as a lawmaker.

Since, under the statute, there can be no interference with the interest of the public in serving summons

upon a legislator during the sessions of the General Assembly, we are not called upon to determine whether any public policy would be infringed in the absence of the statute. There is no necessity for our entering upon that interesting field of discussion in which there appears to be a contrariety of views in the adjudicated cases. See 21 R. C. L. 1303, § 47.

The trial court therefore erred in quashing the service, and its judgment is reversed, and the cause remanded, with directions to overrule the appellee's motion to quash.

McCulloch, C. J., (dissenting). I am entirely in accord with the view expressed by the majority that a member of the General Assembly is not exempt from service of civil process. There has never existed, either in England or in America, any declared public policy in favor of such exemption, which is confined to exemption from arrest. Our statute follows the common law in that respect. Crawford & Moses' Digest, § 429 *et seq.* But that is not the real question presented for decision in this case. The question is: Can a member of the General Assembly be sued in the courts of the county in which the capital city is located, and jurisdiction of his person obtained by service of process while he is attending a session of the Legislature away from the county of his residence? In other words, can the presence of a member of the General Assembly in attendance on a session be taken advantage of to obtain jurisdiction of his person? My answer is in the negative.

By the overwhelming weight of authority a suitor or witness in judicial proceedings cannot, while in attendance on such proceedings outside of the county of his residence, be sued in another action and jurisdiction over him obtained. Our court is thoroughly committed to that doctrine. *Powers* v. *Arkadelphia Lumber Co.*, 61 Ark. 504. In fact, our statute expressly affords such immunity to witnesses (Crawford & Moses' Digest, § 4171). But in the case just cited this court extended the rule to suitors

as well as to witnesses on the ground of public policy.
Chief Justice BUNN, in delivering the opinion of the court,
declared that a sound public policy was the basis of the
rule announced, and he quoted as follows from the Su-
preme Court of Ohio in *Andrews v. Lembeck,* 46 Ohio
St. 38:

"The question is one which profoundly concerns the
free and unhampered administration of justice in the
courts.   That suitors should feel free and safe at all
times to attend within any jurisdiction outside of their
own judicial proceedings in which they are concerned
and which require their presence, without incurring the
liability of being picked up and held to answer to some
other adverse judicial proceedings against them, is so
far a rule of public policy that it has received almost
universal recognition wherever the common law is known
and administered."

This court further said in that case that "the prin-
ciple is not only assured while one is attending upon
strictly judicial proceedings, but upon any tribunal
whose business has reference to or is intended to affect
judicial proceedings."

Judge WORKS, in his treatise on Jurisdiction of
Courts, said that "the immunity does not depend on
statutes, but on public policy."

Now, such being the rule of public policy with respect
to attendance on judicial proceedings, why does it not
with equal force and reason apply to attendance on legis-
lative sessions—a coordinate branch of government? Is
it not equally important, on grounds of public policy, that
members of the General Assembly "should feel free and
safe at all times to attend within any jurisdiction out-
side their own" upon sessions of the legislative body in
which they are elected to represent their several con-
stituencies?

It seems to me that there can be no higher privilege
than that of freedom from abuse of judicial process to
secure civil jurisdiction over a member of the General

Assembly outside of the county of his residence. It is a wrongful attempt to obtain jurisdiction and constitutes, in effect, abuse of process. No court, save one, has, so far as I can ascertain, held to the contrary. (*Berlet* v. *Weary,* 67 Neb. 75), and the reasoning of that court does not appeal to me.

The Court of Appeals of Kentucky, in the case of *Catlett* v. *Morton,* 4 Litt. 122, held that members of the Legislature were not exempt from civil process in the county where they attended the legislative session, but the decision was based entirely on the ground that members were not exempt from civil process. That court failed, as I think the majority of our court now fail, to note the difference between the question of exemption from process and the question of privilege from civil suit in a county outside of the county of the residence of the defendant.

Our statutes (Crawford & Moses' Digest, § 1176) provide that a transitory civil action may be brought "in any county in which the defendant or one of several defendants reside or is summoned;" but it must be implied, if we give heed to any rules of public policy, that the summons must be served in a county where the party voluntarily goes—not where he is called in the high concern of public duty.

I am unable to escape the conviction that we ought to declare, out of consideration of sound public policy, that the presence of a member of the General Assembly at the capital of the State, in attendance upon a legislative session, cannot be taken advantage of to acquire jurisdiction over him in a civil action away from the county of his residence.