## LONG *v.* ANSELL.

No. 18.   Argued October 15, 1934.—Decided November 5, 1934.

*Mr. Seth W. Richardson,* with whom *Messrs. Joseph E. Davies, Raymond N. Beebe,* and *Adrian F. Busick* were on the brief, for petitioner.

*Mr. Samuel T. Ansell* submitted, *pro se.*

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

On March 27, 1933, Samuel T. Ansell, a resident of the District of Columbia, brought, in the Supreme Court of

the District, an action for libel against Huey P. Long of Louisiana. The summons was served on the defendant within the District. It directed him to answer and show cause why the plaintiff should not have judgment for the cause of action stated in his declaration. The defendant, appearing specially, and solely for the purpose, filed on April 25, 1933, a motion to quash the summons and the service thereof on the following ground:

"The summons was issued on Monday, March 27, 1933, and served on the defendant on Monday, April 3, 1933, whereas the first session of the Seventy-third Congress was convened on the ninth day of March, 1933, and has remained continuously in session since that date and was in session on the dates of the issuance and service of the said summons (of which fact defendant prays the court to take judicial notice) and the defendant as alleged is a United States Senator who was in attendance upon the meetings of the first session of the Seventy-third Congress of the United States and the summons and service thereof is invalid and of no legal effect whatsoever because in violation of Article I, Section 6, Clause 1, of the Constitution of the United States, which provides that Senators and Representatives of the United States ' shall in all cases except treason, felony, and breach of the peace be privileged from arrest during their attendance at the session of their respective houses, and in going to and returning from the same.' "

On May 9, 1933, the Supreme Court of the District denied the motion, but stayed further proceedings for twenty days pending application to the Court of Appeals of the District for a special appeal. That court allowed the appeal. On February 5, 1934, it affirmed the order denying the motion to quash. 63 App. D. C. 68; 69 F. (2d) 386. This Court granted certiorari. 292 U. S. 619.

Senator Long contends that Article I, Section 6, Clause 1 of the Constitution, confers upon every member of Con-

gress, while in attendance within the District, immunity in civil cases not only from arrest, but also from service of process. Neither the Senate, nor the House of Representatives, has ever asserted such a claim in behalf of its members. Clause 1 defines the extent of the immunity. Its language is exact and leaves no room for a construction which would extend the privilege beyond the terms of the grant. In *Kimberly* v. *Butler,* Fed. Cases No. 7,777, Mr. Chief Justice Chase, sitting in the Circuit Court for the District of Maryland, held that the privilege was limited to exemption from arrest. Compare Mr. Justice Grier, sitting in the Circuit Court of the District of New Jersey in *Nones* v. *Edsall,* Fed. Cases No. 10,290. The courts of the District of Columbia, where the question has been raised from time to time since 1868, have consistently denied the immunity asserted. *Merrick* v. *Giddings,* McArthur & Mackey 55, 67; *Howard* v. *Citizens' Bank & Trust Co.,* 12 App. D. C. 222.[1] State cases passing on similar provisions so hold.[2]

History confirms the conclusion that the immunity is limited to arrest. See opinion of Mr. Justice Wylie in *Merrick* v. *Giddings.* The cases cited in support of the contrary view rest largely upon doubtful notions as to the historic privileges of members of Parliament before the enactment in 1770 of the statute of 10 George III, c. 50.[3] That act declared that members of Parliament

[1] See also *Worth* v. *Norton,* 56 S. C. 56; 33 S. E. 792; *Bartlett* v. *Blair,* 68 N. H. 232; 38 Atl. 1004.

[2] *Phillips* v. *Browne,* 270 Ill. 450; 110 N. E. 601; *Berlet* v. *Weary,* 67 Neb. 75; 93 N. W. 238; *Rhodes* v. *Walsh,* 55 Minn. 542; 57 N. W. 212; *Gentry* v. *Griffith, Hyatt & Co.,* 27 Tex. 461; *Catlett* v. *Morton,* 4 Litt. (Ky.) 122; compare *Doyle-Kidd Dry Goods Co.* v. *Munn,* 151 Ark. 629; 238 S. W. 40; *Huntington* v. *Shultz and M'Kenna,* 1 Harp. L. Rep. (S. C.) 452; *Hart and Foster* v. *Flynn's Executor,* 8 Dana (Ky.) 190.

[3] See *Bolton* v. *Martin,* 1 Dall. 296; *Gyer's Lessee* v. *Irwin,* 4 Dall. 107; *Doty* v. *Strong,* 1 Pinney (Wis.) 84; *Anderson* v. *Rountree,* 1

should be subject to civil process, provided that they were not "arrested or imprisoned." When the Constitution was adopted, arrests in civil suits were still common in America.[4] It is only to such arrests that the provision applies. *Williamson* v. *United States,* 207 U. S. 425.

The constitutional privilege here asserted must not be confused with the common law rule that witnesses, suitors and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service in another. That rule of practice is founded upon the needs of the court, not upon the convenience or preference of the individuals concerned. And the immunity conferred by the court is extended or withheld as judicial necessities require. See *Lamb* v. *Schmitt,* 285 U. S. 222, 225, 226.

*Affirmed.*

---

Pinney 115; *Miner* v. *Markham,* 28 Fed. 387. The first of these cases relied upon a passage in Blackstone in which it is stated that no member of either house may be " served with any process of the courts of law . . . without a breach of the privilege of parliament." The passage appears as quoted in the fourth edition of Blackstone (1771), v. 1, p. 165. In the fifth edition (1773), however, the phrase " served with any process of the courts of law " is deleted and other changes made in the same paragraph, so as to correspond with the statute of 10 George III, c. 50. In *Miner* v. *Markham,* the passage is quoted in its original form.

[4] Wyche, Practice of the Supreme Court of the State of New York (2d ed., 1794), p. 50, *et seq.;* Robinson, Practice in Courts of Law and Equity in Virginia (1832), pp. 126–130; Howe, Practice in Civil Actions and Proceedings at Law in Massachusetts (1834), pp. 55–56, 141–148, 181–187; Troubat & Haly, Practice in Civil Actions and Proceedings in Supreme Court of Pennsylvania (1837), pp. 170–189. An early Virginia statute provided that in actions against the Governor and certain other officers of the Commonwealth, a summons should issue " instead of the ordinary process," the capias ad respondendum. Collection of the Acts of the General Assembly of Virginia, Published Pursuant to the Act of 1792 (1794), c. 66, § 23, p. 83, Rev. Code (1819), c. 128, § 68, p. 506.