**CHESAPEAKE & POTOMAC TELE-PHONE CO. v. LEWIS.**

No. 7020.

United States Court of Appeals for the District of Columbia.

Decided Aug. 22, 1938.

George P. Hoover, of Washington, D. C., for appellant.

Lester Wood and Isadore H. Halpern, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal by the defendant from a judgment for the plaintiff in an action for false arrest and imprisonment. The sole question is whether the District Court erred in refusing to direct a verdict for the defendant. Defendant's contention is that there was no sufficient evidence to support a finding that it procured plaintiff's arrest.

A watch and chain were stolen from one of defendant's buildings, and an overcoat from another. Plaintiff, a former janitor in one of the buildings, was thought to have been recently about the premises. He was arrested without a warrant, by two policemen, imprisoned overnight, and released. Defendant does not suggest that there is no evidence that someone connected with defendant suggested plaintiff's guilt to the police. But under the decisions of this court, "Mere information to the officers of the law by a citizen, tending to show that an offense has been committed and that some person named may be suspected of its commission, is not sufficient, of itself, to warrant the inference that the informer or his agents participated in the unlawful arrest and imprisonment of the accused by the officer." Prigg v. Lansburgh, 5 App.D.C. 30, 38; Waters v. Anthony, 20 App.D.C. 124; Kinchlow v. Peoples Rapid Transit Co., 66 App.D.C. 382, 88 F.2d 764, certiorari denied 301 U.S. 693, 57 S.Ct. 926, 81 L.Ed. 1349. On the other hand, if defendant or its authorized agent actually took part in the arrest or imprisonment, it is of course responsible. Also it is responsible if it procured or instigated the officers' acts. Takahashi v. Hecht Company, 60 App.D.C. 176, 50 F.2d 326; Id., 62 App.D.C. 72, 64 F.2d 710; Bright v. Patton, 5 Mackey, 534, 546, 16 D.C. 534, 546, 60 Am.Rep. 396.

Uncontradicted testimony showed that the officers who arrested plaintiff did not know him by sight, and arranged with defendant's employee Whip, who did know him, to go with them in order to identify him. The jury might infer that the officers would not have started without Whip. Although Whip remained in a car while the officers entered a building and made the arrest, they promptly brought plaintiff to the car, and the jury might infer that the identification which Whip then made was an essential factor in plaintiff's ensuing imprisonment. If A tells B that X carries a valuable watch, and B thereupon steals it, A does not necessarily share B's guilt. That case may be assimilated to the "mere information" of the Prigg and Kinchlow Cases. On the other hand if B, on receiving A's information, tells A that B would like to steal the watch but does not know X by sight, and invites A to accompany B in order to identify X and thus enable B to rob X, and this plan is carried out, A's guilt is clear. Similarly, if A identifies X so that B may kill X, A is responsible for the homicide. It is not suggested that the present plaintiff's arrest was morally equivalent to robbery or murder. The point is that one who takes part in an unlawful act does not necessarily escape responsibility by limiting his part to the identification of the victim. The Prigg and Kinchlow Cases are clearly distinguishable. So far as appears, the information furnished by the defendants in those cases was neither intended nor very likely to result in imprisonment; at least, without intervening police investigation. Here, the evidence would support a finding that Whip's action in regard to the identification of the present plaintiff was both intended and practically certain to result directly in plaintiff's imprisonment. The question of a bystander's duty and privilege to help police, by identification[1] and otherwise, when they ask his help, is not involved here. Whip was not a bystander. His presence was not casual, but resulted from his voluntary acceptance of the officers' previous invitation to go with them and enable them to arrest the plaintiff. Moreover, no question of possible privilege is raised on this appeal.

According to plaintiff's testimony, which was contradicted but which the jury were entitled to believe, Whip took further parts in plaintiff's imprisonment, first by driving the car in which he was taken

---

[1] Cf. Miller v. Fano, 134 Cal. 103, 66 P. 183; Farnam v. Feeley, 56 N.Y. 451, 455.

through the streets under arrest,[2] and second by charging him with theft at the police station. Plaintiff testified that he heard a policeman ask Whip, "What have you got him for, picking telephone boxes?", and heard Whip reply, "No, not that." This testimony also was contradicted. If the jury believed it, they might interpret Whip's reply as an admission that he had "got" plaintiff for something. And one of plaintiff's counsel testified, without objection, that one of the arresting officers told him he "did not want to arrest Lewis, but only arrested him upon the insistence of Whip." In all this, there was evidence that Whip took part in plaintiff's imprisonment.

■ Defendant had employed Whip for twelve years. His title was "special agent." His duties were "to investigate all robberies that they have, coin box robberies, any thefts in any of the buildings, anything of that nature." He testified that he sometimes went with policemen when they made arrests, and that his superior officers had never told him not to. "My officers," he said, "do not tell me what to do." His immediate superior testified that Whip, in handling cases, frequently made independent decisions. This evidence would sustain a finding that his acts in this case were within the scope of his authority as defendant's agent.

Affirmed.

---

[2] The driver of a car in which plaintiff is an unwilling passenger imprisons plaintiff, since he restrains plaintiff's liberty in every direction. Cieplinski v. Severn, 269 Mass. 261, 168 N.E. 722.