Richard L. BASS, Appellant,

v.

DUNBAR HOUSE, INC., a corporation, and Theodore R. Hagans, Jr., Appellees.

No. 2517.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 15, 1960.

Decided May 17, 1960.

Wilbur W. Sewell, Washington, D. C., for appellant.

Albert F. Adams, Washington, D. C., with whom William A. Tinney, Jr., and Clinton W. Chapman, Washington, D. C., were on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Appellant brought suit in the United States District Court for false arrest and imprisonment.[1] He asked $500,000 for compensatory and punitive damages, but the latter, in the amount of $250,000, were eliminated by the trial court. No appeal was taken from that ruling. The jury returned a verdict for appellant and awarded compensatory damages in the amount of $10,000. Appellees moved for judgment n. o. v. or, alternatively, a new trial. The court granted the motion for judgment, stating that the evidence adduced at trial was "wholly insufficient to support the verdict." We agree.

The factual background is as follows: Appellant was employed as a night clerk in the Dunbar Hotel. He was required to deposit all monies he received in a safe. Early one Monday morning in November 1956, a shortage in excess of $500 was discovered. Appellant was called at his home, told of the discrepancy, and asked to return to the hotel. Following a discussion with the hotel auditor, the manager and other employees, appellant was informed that the loss would be reported to the

1. The case was certified to the Municipal Court under Code 1951, 11–756 (Supp. VIII).

insurance company and that he should keep himself available. The police were called and made a written report of the matter. The next day appellant was again requested to appear at the hotel and was questioned by the police. According to him, the assistant manager "assisted a couple of times in the interrogation" but the nature of the assistance was never shown. At the conclusion of the conference, appellant testified that the officers said, "Let's go to headquarters." [2] Appellant drove alone in his own taxicab to headquarters and after further questioning there, he returned home. The police subsequently took statements from other employees in the hotel. One week after the loss was discovered, appellant was charged with embezzlement, taken into custody, arraigned, and held under bond for action by the grand jury. Sometime later the grand jury returned an ignoramus.

■ Enough has been stated to supply a background for the questions raised on appeal. The first and probably the most important questions in the case are when was appellant arrested and who instigated his arrest? He argues that an illegal arrest occurred when the police requested, on the day after the loss was discovered, that he go to headquarters for questioning. With this we cannot agree.

We have said that an arrest "is a restriction of the right of locomotion or a restraint of the person." [3] Such was not the case here. Appellant was under no warrant or other form of compulsion when he went to police headquarters. On the contrary, he went willingly and without protest. He was not taken into custody, nor was his liberty restrained on that day. Without laboring the point, we feel it is clear that appellant was not arrested at that time. [4]

■ Even granting his contention concerning arrest, it is not shown that *appellees* were the instigators of the act. It has been held by the United States Court of Appeals for this circuit that

"* * * 'Mere information to the officers of the law by a citizen, tending to show that an offense has been committed and that some person named may be suspected of its commission, is not sufficient, of itself, to warrant the inference that the informer or his agents participated in the unlawful arrest and imprisonment of the accused by the officer.' Prigg v. Lansburgh, 5 App.D.C. 30, 38; Waters v. Anthony, 20 App.D.C. 124; Kinchlow v. Peoples Rapid Transit Co., 66 App. D.C. 382, 88 F.2d 764, certiorari denied 301 U.S. 693, 57 S.Ct. 926, 81 L.Ed. 1349. On the other hand, if defendant or its authorized agent actually took part in the arrest or imprisonment, it is of course responsible. Also it is responsible if it procured or instigated the officers' acts. Takahashi v. Hecht Company, 60 App.D.C. 176, 50 F.2d 326; Id., 62 App.D.C. 72, 64 F.2d 710; Bright v. Patton, 5 Mackey, 534, 546, 16 D.C. 534, 546, 60 Am.Rep. 396." [5]

The record before us is devoid of any evidence that appellees requested, caused, or authorized the arrest of appellant, and therefore there was no justification for the verdict. Money was missing that admittedly had passed through appellant's hands. The hotel authorities reported the loss, the officers investigated it, and approximately a week later, acting on their own initia-

2. The officers were not named as defendants in this case.

3. Price v. United States, D.C.Mun.App., 1956, 119 A.2d 718, 719.

4. See Long v. Ansell, 63 App.D.C. 68, 71, 69 F.2d 386, 389, 94 A.L.R. 1466, affirmed 1934, 293 U.S. 76, 55 S.Ct. 21, 79 L.Ed. 208.

5. Chesapeake & Potomac Telephone Co. v. Lewis, 1938, 69 App.D.C. 191, 192, 99 F.2d 424, 425.

tive, they arrested appellant. Appellant cites several cases which sustain the basic theories of his appeal; however, these cases are distinguishable on their facts. On the fullest consideration of the evidence, we conclude the court was correct.

Affirmed.