472 P.2d 47

**YUMA GREYHOUND PARK, INC.,**
Petitioner,

v.

**Hon. Charles L. HARDY, Judge of the Superior Court of the State of Arizona sitting in and for the County of Maricopa,** Respondent;

and

**Sam STEIGER, Real Party in Interest.**
No. 10082.

Supreme Court of Arizona,
In Banc.
July 2, 1970.

Lewis & Roca, by John P. Frank, Phoenix, for Yuma Greyhound Park, Inc.

Paul Rosenblatt, Washington, D.C., for real party in interest.

Before LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ.

PER CURIAM.

This matter comes to us on a petition for special action. The petitioner, plaintiff in a lawsuit in Yuma County, sought to take the deposition of Sam Steiger, member of Congress from the Third Arizona District. A subpoena duces tecum was served on Congressman Steiger, who appeared but refused to answer questions. Thereafter the petitioner, proceeding under Rule 37(a) of the Rules of Civil Procedure, 16 A.R.S., sought an order from Judge Charles L. Hardy of the Maricopa County Superior Court, respondent herein, directing Congressman Steiger to answer the questions propounded to him. On May 8, 1970, Judge Hardy ordered Congressman Steiger to appear on May 26, 1970, and show cause why the requested order should not be granted.

On May 26, 1970, after hearing argument of counsel, the court entered an order which contains the following language:

"IT IS ORDERED denying the motion as amended for the reason that the Court is of the opinion that the witness, Sam Steiger, cannot be compelled to appear and testify at the taking of his deposition when he has claimed that he must respect the privilege asserted by the House of Representatives that its members cannot be subpoenaed to appear and testify as a witness while Congress is in session without the permission of the House of Representatives."

Thereafter the petition for special action was presented to this Court. At the conclusion of the hearing before this Court, an order was entered taking jurisdiction of the matter, and directing the respondent judge to enter a Rule 37(a) order compelling the witness to answer the questions propounded.

The real party in interest, Congressman Steiger, contends that members of Congress are immune from orders such as a Rule 37(a) order by reason of the following provision in Art. I, § 6 of the Constitution of the United States:

"* * * They shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same; * * *."

He further asserts that this immunity is rooted in custom, practice and precedent of the House of Representatives which has been recognized by writers on the Constitution and House Rule makers.

We do not consider it necessary at this juncture to examine the validity of the claimed immunity, however. Suffice it to say, that if ultimately the petitioner finds occasion to proceed under Rule 37(b) to invoke the contempt powers of the Superior Court the question may well have to be answered.

We find no cases which bear directly on the issue in this matter but we are persuaded by the following language of Long v. Ansell, 293 U.S. 76, 55 S.Ct. 21, 79 L.Ed. 208 (1934), that a Rule 37(a) order is not barred by the alleged congressional immunity:

"History confirms the conclusion that the immunity is limited to arrest. See opinion of Mr. Justice Wylie in Merrick v. Giddings [11 D.C. 55]. The cases cited in support of the contrary view rest largely upon doubtful notions as to the historic privileges of members of Parliament before the enactment in 1770 of the statute of 10 George III, c. 50. That act declared that members of Parliament should be subject to civil process, provided that they were not 'arrested or imprisoned.' When the Constitution was adopted, arrests in civil suits were still common in America. It is only to such arrests that the provision applies. Williamson v. United States, 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278." 55 S.Ct. at p. 22.

Writ of Mandamus is made peremptory.