Ruth HARRISON, Appellant,

v.

MAY DEPARTMENT STORES COMPANY, INC., t/a the Hecht Company, a corporation, Ulric Thomas, and Franklin Lindsay, Appellees.

No. 11584.

District of Columbia Court of Appeals.

Argued Sept. 23, 1977.

Decided Dec. 14, 1977.

Charles C. Parsons, Washington, D. C., for appellant.

J. Roy Thompson, Jr., Washington, D. C., with whom Thomas H. McGrail and John Jude O'Donnell, Washington, D. C., were on the brief, for appellees May Dept. Stores Co. and Franklin Lindsay.

William D. Foote, Jr., Rockville, Md., with whom Hugh Lynch, Jr., James C. Gregg, and Randell Hunt Norton, Washington, D. C., were on the brief, for appellee Ulric Thomas.

Before NEWMAN, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

■ This is an appeal from an order granting summary judgment to the defendants in a case arising out of actions taken against a suspected shoplifter. Appellant has raised two issues of major concern: (1) whether the undisputed facts established that an arrest occurred; and (2) if so, whether an issue of fact existed as to probable cause for the arrest. It is also contended that it was error to grant summary judgment on the slander and assault and battery counts. The questions of slander and assault and battery are, as the trial court recognized, inextricably intertwined with the question of the legality of the appellees' actions. Thus, resolution of those questions depends on the disposition of the greater issues. On this record, we cannot say as a matter of law that an arrest occurred. The resolution of that question involves some subjective assessments which may be made only after a trial. In addition, assuming that an arrest did occur, a material issue of fact is present which is essential to the resolution of the legal question of whether probable cause existed.[1] We reverse the grant of summary judgment.

■ The undisputed facts, viewed in a light most favorable to the appellant,[2] are as follows. At the time of the incident in question the appellant, Mrs. Harrison, was employed by appellee May Department Stores (The Hecht Company) at its warehouse. As an employee, she was allowed to

---

1. A showing of probable cause would constitute a valid defense to the false arrest claim. *Prieto v. May Dept. Stores Co.*, D.C.App., 216 A.2d 577 (1966).

2. The party opposing a summary judgment is entitled to the benefit of all favorable inferences which may be drawn from the evidentiary materials. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Burch v. Amsterdam Corp.*, D.C.App., 366 A.2d 1079 (1976).

tag merchandise which she wanted to purchase, and then later pick up and pay for the merchandise at the store to which it was sent from the warehouse. On presentation of her receipt at the warehouse, Mrs. Harrison would receive a cash refund amounting to 20% of the purchase price.

In April 1974, appellant, following this procedure, purchased a pantsuit from one of the Hecht Company stores. On June 10, 1974, appellant returned to the store in an attempt to exchange the pantsuit which was too large. When she found no other merchandise to her liking, Mrs. Harrison was given a refund slip in exchange for the pantsuit. However, when she presented this slip at an upstairs cashier's window she was told that she would have to take the slip to the warehouse to receive a refund. Instead, appellant proceeded to the basement department where she had left the pantsuit, returned the refund slip to the salesclerk and told her that she would take the pantsuit after all and make the alterations herself. The salesclerk told appellant that she had hung the garment on a rack with other merchandise, and that she should check to see if it was still there. The salesclerk then left the immediate area.

■ The contested issue of fact involves the next sequence of events.[3] Appellant testified in her deposition that she found the pantsuit on the rack but waited until the salesclerk returned before she put the garment into a bag which she was carrying, and that she spoke to the salesclerk at that time. Appellee Thomas, the store detective, testified in his deposition that he observed appellant in the store for some time before she put the pantsuit into her bag, and that he did not see her talk to anyone during that time.

The parties agree as to the remaining facts. After placing the pantsuit in her bag, appellant left the basement by an esca-

lator, followed by appellee Thomas and another store detective. Appellant was stopped on the first floor by Thomas who touched her on the shoulder and said that he wanted to talk to her upstairs. When she refused to go upstairs, Thomas displayed his badge. Mrs. Harrison knew that the detective wanted to speak to her about the pantsuit which was in the bag, and she also knew that the security office was upstairs. She still refused to go with him, but said that she would go back downstairs, which she did, accompanied by the two store detectives. By this time appellant was upset and crying.

With the help of the salesclerk, Mrs. Harrison explained the pantsuit transaction to a third, supervisory Hecht Company employee. She then was allowed to leave the store with the pantsuit.

The trial court stated in ruling on appellees' motion for summary judgment that no material fact was disputed and that probable cause existed to arrest appellant. As observed in footnote three, *supra*, appellant's response to the summary judgment motion was limited. She did not cross-move for partial summary judgment on the arrest issue. Even so, she asks us to hold that the undisputed facts established that an arrest occurred. This we are unable to do. Nevertheless, we cannot agree with appellees' argument that because Mrs. Harrison did not go upstairs as directed, but went back to the salesclerk's station, there was sufficient freedom of movement to negate conclusively the fact that Mrs. Harrison was arrested. Alternatively, appellees argue that the stopping of Mrs. Harrison and then permitting her to go back to the salesclerk amounts to compliance with this court's admonition in *May Department Stores Co. v. Devercelli*, D.C.App., 314 A.2d 767, 772 (1974), to use more restraint in ambiguous situations by attempting to ac-

---

**3.** Appellant responded to the defense summary judgment motion with a "Statement of Material Facts as to Which Plaintiff Contends There Is No Dispute." Super.Ct.Civ.R. 12–I(k) requires that a party opposing a motion for summary judgment file a "concise statement of genuine issues setting forth all material facts as

to which it is contended there exists a genuine issue necessary to be litigated." We conclude that appellant's statement, although improperly styled, nevertheless complies with the rule in that it informs the court which facts are admitted to exist without controversy and which facts are controverted.

quire more information before deciding to make an arrest.[4] It may well be found, consistent with the admonition in *Devercelli*, that Thomas was willing to seek more information before arresting Mrs. Harrison. The record simply does not reveal his purpose. Indeed, acceding to her wish to go back to the salesclerk may be viewed by the factfinder as intending to wait for an explanation before taking the drastic step of making an arrest. *See Bass v. Dunbar House, Inc.*, D.C.Mun.App., 161 A.2d 50 (1960) (no arrest where plaintiff was permitted to drive alone to police headquarters where he was questioned and then allowed to return home).

■ Arrest has been defined in this jurisdiction as "any case where a person is taken into custody or restrained of his *full* liberty," *Long v. Ansell*, 63 App.D.C. 68, 71, 69 F.2d 386, 389, *aff'd*, 293 U.S. 76, 55 S.Ct. 21, 79 L.Ed. 208 (1934) (emphasis supplied). Thus, the mere fact that Mrs. Harrison was not stopped in her effort to reach the salesclerk may be found, in total context, a basis for concluding that no arrest occurred.

■ Furthermore, the question of whether an arrest occurred traditionally includes both subjective and objective considerations. For example, jury instructions for this jurisdiction on the definition of arrest state:

If the words or conduct are such as to *induce a reasonable apprehension* of force, and the means of coercion are at hand, a person may be as effectively restrained and deprived of liberty as by prison bars.

Standardized Jury Instructions (Civil) for the District of Columbia, Instruction No. 250, at 179 (rev. ed. 1968) (emphasis supplied).

■ Subjective considerations such as an accused's age, education or experience have long come into play in criminal cases where the precise point at which the arrest was effectuated is at issue. *See, e. g., Seals v. United States*, 117 U.S.App.D.C. 79, 325 F.2d 1006 (1963); *Scarbeck v. United States*, 115 U.S.App.D.C. 135, 317 F.2d 546 (1963). Moreover, such subjective assessments are within the province of the fact finder. *See Coleman v. United States*, 111 U.S.App.D.C. 210, 295 F.2d 555 (1961); *United Cigar Stores Co. v. Young*, 36 App. D.C. 390 (1911). We hold, therefore, that a genuine issue of fact exists on the threshold question respecting arrest.

In addition, appellant contends that material facts are in dispute on the question of probable cause. As we noted in *May Department Stores Co. v. Devercelli, supra* at 771:

Probable cause is a mixed question of law and fact and where the facts that might establish probable cause are in dispute, their existence is for the determination of the jury. . . . [Footnote omitted.]

*See also Lansburgh's Inc. v. Ruffin*, D.C. App., 372 A.2d 561, 565 (1977).

The record before us contains a conflict regarding the presence of the salesclerk at the time appellant put the pantsuit into her bag and began her exit. We conclude that the conflict is material, for if the mere placing of merchandise into a shopping bag does not permit an inference of criminal intent, *May Department Stores Co. v. Devercelli, supra* at 772 n. 13, surely an ordinary transaction with a salesclerk does not permit such a conclusion.[5]

■ Although we agree with appellant that *Devercelli, supra*, and *Durphy v. United States*, D.C.App., 235 A.2d 326

---

4. It would seem that the further surveillance suggestion in *Devercelli* is inapplicable here since Mrs. Harrison reasonably appeared to be leaving the store. Of course, permitting her to explain her conduct before making an arrest would be consistent with the *Devercelli* suggestion.

5. Appellees have suggested that the salesclerk's presence would provide an even stronger showing of probable cause to arrest, since it would appear that appellant and the salesclerk were acting in concert to commit a crime. However, the record provides no support for this theory as there is nothing to suggest that the detective had any basis to suspect the salesclerk.

(1967), stand for the proposition that the mere placing of goods into a shopping bag does not allow the inference of criminal intent, we note that Mrs. Harrison did more than merely place goods into her bag. Significantly, what may be found[6] to have happened was that she left the department without paying for the garment she had put into her bag and had proceeded sufficiently to reflect larcenous intent.

Accordingly, because the record reveals issues on the question of an arrest and the existence of probable cause, we reverse the grant of summary judgment and remand the case for further proceedings.

*So ordered.*

---

**6.** The facts which provide the basis for probable cause can of course be only those facts known to the arresting officer. *Prieto v. May Dept. Stores Co., supra* note 1. Thus, the fact that Mrs. Harrison was removing her own property from the store has no bearing on the question of probable cause.