William S. WELCH, Appellant,

v.

DISTRICT OF COLUMBIA, et al., Appellees.

No. 88-1502.

District of Columbia Court of Appeals.

Argued April 26, 1990.
Decided June 12, 1990.*

James T. Maloney, for appellant.

James C. McKay, Jr., Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on brief, for appellees.

Before NEWMAN, STEADMAN and SCHWELB, Associate Judges.

STEADMAN, Associate Judge:

Appellant was arrested by officers of the Metropolitan Police Department ("MPD") for the offense of first degree theft. After the government elected not to prosecute him, he filed a civil action against, among other defendants, the District of Columbia, alleging false arrest and other related torts.[1] After the parties agreed to a number of factual stipulations, the trial court directed a verdict in favor of the District. Appellant challenges the unfavorable directed verdict. We affirm.

Before the trial judge, appellant conceded that there was no dispute about the facts from which the MPD could have determined that there was probable cause to believe that appellant had committed a felony. After reviewing the factual stipulations, the trial judge concluded that the MPD officers did in fact have "probable cause in the constitutional sense to arrest the plaintiff without a warrant"; this established for the District a "legally viable and adequate defense" to appellant's causes of action. The trial judge accordingly directed a verdict in favor of the District.

■ Where the relevant underlying facts are undisputed, "the existence of probable cause is a question of law for the court." *Henderson v. District of Columbia*, 493 A.2d 982, 994 (D.C.1985). Appellant does not quarrel with this proposition and does not contest the trial court's determination that the MPD officers had probable cause to arrest him. Rather, he contends that apart from the existence of probable cause, the District must also show that the MPD officers acted in good faith in arresting him. Appellant contends that because an Assistant United States Attorney had indicated to the MPD that his office would not prosecute the case,[2] a reasonable juror could have found that appel-

---

* This case was decided by Memorandum Opinion and Judgment, but is being published upon the granting of appellee's motion to publish.

1. Only a false arrest issue is raised before us.

2. The relevant factual stipulation indicates only that the Assistant United States Attorney said that he would "be inclined to no paper the case" if the MPD arrested appellant without a warrant, and that it was his "preference that [the MPD] prepare an arrest warrant and bring it over for his consideration."

lant's arrest was not made in *good faith.* As such, he argues, it was error to direct a verdict in favor of the District.

Under the circumstances of this case, the trial court did not err in granting a directed verdict for the District. The question whether an arresting officer acted in good faith arises when he or she does "not have probable cause in the constitutional sense" to make an arrest. *Henderson, supra,* 493 A.2d at 994. Here, however, the arresting officers did have constitutional probable cause. Where "probable cause existed for [appellant's] arrest, then the arrest was lawful," *id.,* and no civil liability attaches. At least in the absence of unusual circumstances, not presented here, a defendant in a false arrest action who establishes that he or she had constitutional probable cause to arrest does not bear the additional burden of establishing good faith in order to interpose a valid defense. *Id.; Gabrou v. May Dep't Stores Co.,* 462 A.2d 1102, 1104 (D.C.1983) (per curiam); *Harrison v. May Dep't Stores Co.,* 381 A.2d 610, 611 n. 1 (1977).

*Affirmed.*