The Land Title and Trust Company and Francis Shunk Brown, Assignees for the Benefit of Creditors of the Order of Tonti, a Corporation under the Laws of Pennsylvania, *v.* Ormond Rambo, Assignee in Trust for the Creditors of Henry J. Crump, Appellant.

*Practice, C. P.—Service of process—Militia—Act of April* 13, 1887— *Public policy.*

On grounds of public policy a militiaman is exempt from service of summons when, in obedience to the command of the governor, he goes into another county than that of his residence to participate in an encampment of the National Guards, as provided by the 127th section of the National Guard act of April 13, 1887, P. L. 48.

Argued Feb. 14, 1896. Appeal, No. 105, Jan. T., 1896, by defendant, from order of C. P. Chester Co., Aug. T., 1895, No. 45, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias sur mortgage. Before HEMPHILL, J.

The defendant filed an affidavit of defense which was as follows:

Henry J. Crump, the defendant above named, being duly affirmed, says that in the above entitled action a writ of sci. fa. on mortgage was served on him whilst returning from the annual encampment of the National Guard of Pennsylvania, in uniform of the National Guard and in command of Company D, Third Regiment of said National Guard; and that he is informed and believes that he was at the time exempt from the service of such writ, and that, therefore, he is not called upon to defend said writ, because, as above stated, at the time of this service he was returning as a soldier and in command of a company from the annual encampment of the National Guard of Pennsylvania.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*W. S. Windle,* of *Butler & Windle, John O. Bowman* with him, for appellant.—Where the law requires any duty of the citizen it will protect him in the discharge of that duty: 1 Troubat & Haley, 136; Holmes v. Nelson, 1 Phila. 217.

*Charles H. Edmunds, Joseph H. Baldwin* with him, for appellee.—The defendant in this case has not been " involuntarily subjected to the expense and inconvenience of a strange and foreign jurisdiction." The writ was served in Chester county, where the lands conveyed in the mortgage are situate. This being a proceeding in rem, can only be brought in the locus rei sitæ. He cannot successfully plead this as a reason upon which to base his claim to the privilege.

A privilege has been variously defined. In a Tennessee case it was held " to mean something which cannot be enjoyed without legal authority, which is generally evidenced by license:" Cate v. State, 3 Sneed, 120.

In Louisville Railway Co. v. Gaines, 3 Fed. Rep. 278, it was defined to be a " right or immunity by one of exemption from the general law."

In State v. Betts, 24 N. J. L. 557, it is called exemption from such burdens as others are subjected to.

Therefore, it follows that as it is a right claimed by a class and not permitted to the general public, no statute alleged to create an exceptional immunity should be strained beyond its clear intent: Com. v. Henderson, 172 Pa. 138.

OPINION BY MR. JUSTICE DEAN, March 30, 1896 :

Henry J. Crump, the assignor of appellant, was the mortgagor of a tract of land in Chester county; Crump is a resident of Philadelphia, and is an officer in the National Guard of Pennsylvania. While in uniform, and as captain in command of his company, on return from the annual encampment, the sheriff of Chester county served upon him a writ of sci. fa. issued in the common pleas of Chester county on his mortgage. Defendant moved to set aside the writ on the ground that he is exempt from service while performing duty at, going to, or returning from the encampment. The court below being of opinion the service was good, declined to set it aside, and from that decree we have this appeal.

Under the act of April 13, 1887, P. L. 48, providing for the organization and discipline of the National Guard, there is no express statutory exemption of the soldier from service of summons while on duty. Sec. 127 provides: "No civil process shall issue or be enforced against any person mustered into the service of this state or of the United States, during the term for which he shall be engaged in such service, nor until thirty days after he shall have been discharged therefrom."

This, we held in Sheets v. Wynkoop, 74 Pa. 204, in construing almost the same words in the act of 1861, only means that the soldier is exempt when actually mustered into active service in suppressing the rebellion. The 121st section of the National Guard act, declares: "The enrolled militia shall be subject to no active duty, except in case of war, invasion, the prevention of invasions, the suppression of riots, and to aid civil officers in the execution of the laws of the commonwealth."

The 25th section declares: "No officer or soldier shall be arrested on civil process, while going to, remaining at, or returning from a place where he is ordered to attend for election of officers or military duty."

This section uses the words "arrested on civil process." It is argued by appellant, that these words mean in substance "privilege from suit." We think this would be a strained construction, and the appeal cannot be sustained on that ground. But we think it ought to be sustained on the broader ground that public policy, without express enactment, forbids the use of civil process under the circumstances here shown.

The 31st section of the National Guard act declares: "There shall be held, once in every year, an encampment of the National Guard, not to exceed fourteen days duration, at such times and places as the commander-in-chief shall direct."

The commander in chief of the National Guard, the governor of the commonwealth, under authority of this section, ordered an encampment of the regiment to which Captain Crump's company belonged. He was bound to obey or be subject to court martial for disobedience; he did obey; while returning from the encampment he was bound to attend he is served with a summons beyond the borders of the county of which he is a resident. The policy of the commonwealth as evidenced by the statute is to organize a military force; in time of peace, to pro-

mote its efficiency by annual encampments for drill and instruction in the art of war. The members of the organization are bound to obey the order of their commander in chief, the governor; they have no option. Is it not clear, that if service of summons in civil suit is good on a member of the guard in any county between Philadelphia and Erie, while going to or returning from an encampment, the efficiency of the organization will be impaired; men will be deterred from entering it, or be impelled to disobey the command of the governor. The non-military debtor can remain within the jurisdiction of the courts of the county where he is resident; his creditor must there bring suit against him to obtain service; but if the debtor be a member of the National Guard, suit can be brought against him in any county of the commonwealth which military obedience requires him to pass through. He may be dragged hundreds of miles with his witnesses to a distant county to make defense against a claim.

We think to so hold would be in direct conflict with public policy; with the declared policy of the commonwealth in the organization of the National Guard. We have no notion of holding that mere membership in the National Guard exempts from the ordinary duties and liability of the citizen. The military power is subject to the civil; when not in the act of obedience to the order of the commander in chief at, going to or returning from an encampment, all its members are subject to arrest or service of summons as other citizens; but we think public policy, from the very necessity of the case, dictates exemption from service of summons when in the act of obeying the command of the governor to go into encampment in another county.

The judgment of the court below is reversed, and summons on defendant set aside at costs of appellee.