Manlove *v.* McDermott, Appellant.

Argued October 9, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Bernard J. Kelley,* and with him *John J. McDevitt, Jr.,* for appellant.

*David H. Frantz,* and with him *Dickson, Beitler and McCouch,* for appellee.

Opinion by Linn, J., January 28, 1932:
On November 25, 1930, appellant, in League Island

Navy Yard, was served with a writ of summons in assumpsit issued out of the court below. He then filed a petition pursuant to the Act of March 5, 1925 P. L. 23, for a rule on the plaintiff to show cause why the question of jurisdiction of the person of defendant should not be preliminarily determined; a rule was granted; the plaintiff answered; no depositions were taken; on the record so made, the rule was discharged. Appellant now renews his contentions in this court.

We take the facts from the petition and answer. Defendant is a lieutenant in active service in the United States Navy; he was, and, for some time prior to November 1930, had been attached to the Kane, a destroyer, as second in command. The Kane was sent to League Island Navy Yard to be decommissioned, appellant assisting in the necessary work. On the pier along which the Kane was moored, was erected a small building, used to expedite the removal of machinery, etc., from the ship; while in that building, appellant was served by a deputy sheriff of Philadelphia County, who personally handed the writ to him. The deputy sheriff was in the Navy Yard with the permission of the commandant, though he did not have permission from the commanding officer of the Kane to serve appellant; it does not appear that the commanding officer was present on the ship or in the yard when service was made. The League Island Navy Yard is a United States Reservation pursuant to statutes and documents specified in the petition. The cause of action arose in Virginia.

By the Act of February 10, 1863 P. L. 24, and the supplement of April 4, 1866 P. L. 96, this Commonwealth consented to the acquisition by the United States of League Island etc., on terms therein stated, one of which was, "that nothing herein contained shall be constituted to interfere with the service of civil or criminal process within the premises herein mentioned." Pursuant to appropriate federal legislation,

approved February 1868, 14 U. S. St. at L. c. 46, p. 396, a Certificate of Acceptance, dated December 23, 1868, was recorded in the office of the Recorder of Deeds in Philadelphia County in volume 19 (J. T. O. 2) Miscellaneous Land Records p. 208.

Action under similar reservations of the right to serve civil and criminal process in lands so ceded to the federal government has been held not to interfere with the supremacy of the United States over the land ceded; on the contrary, such action is supported in order that the land ceded may not become a refuge for persons fleeing from the police or the sheriff; United States v. Cornell 2 Mason 60; Fort Leavenworth Railroad Company v. Lowe 114 U. S. 525.

Appellant also contends that the service was invalid because made without leave of the commanding officer of the Kane. To support this argument, he relies on section 53 of 'Naval Courts and Boards, 1923' issued in January of that year. Section 53, with its title is as follows: "Service of subpoena or other process on a person in the Navy. Commanding officers afloat or ashore are authorized to permit the service of subpoena or other process upon the person named therein, but such service will not be allowed without permission of the commanding officer first being obtained. In cases in which service by mail is legally sufficient, the papers may be addressed to the commanding officer with request that they be delivered to the man named therein." This compilation of Naval Regulations was issued pursuant to R. S. s. 1547, 34, USCA, s. 591; it was "issued," as appears by the certificate of the Secretary of the Navy printed in the front of the book, with the approval of the President, "for the government of all persons attached to the naval service." Whatever the effect of the regulation may be in governing persons in the naval service, among themselves, we think it was not intended to declare that service of process made, as

in this case, would be invalid as depriving the court of jurisdiction of the person served.

Appellant next objects that the service was invalid because made upon him "while standing along side his ship [and] engaged in the work of the vessel." If there is any difference, we need not consider what the effect would have been if appellant had been served on the Kane instead of on land; we have the simple case of service on defendant in the Navy Yard by a sheriff who is in the Yard in his official capacity, with the permission of the commandant. The power to serve process there was reserved by the state and recognized by the United States. No conditions or circumstances of any kind are set forth in the petition that would render it contrary to any declared policy of the law to hold that the service made in this case was valid. The record does not present a case within the rule enforced in Land Title and Trust Company v. Rambo 174 Pa. 566, construing the Act of April 13, 1887 P. L. 48, affording immunity from service of process to a member of the National Guard while returning from an annual encampment that he was required to attend. For the same reason the "Stay laws" passed during the period of the Civil War and construed in Breitenbach v. Bush 44 Pa. 313; Clark v. Martin 49 Pa. 299 and kindred cases do not support appellant's claim of immunity.

The order appealed from is affirmed.