## CARL v. FERRELL.
### No. 7469.

United States Court of Appeals for the District of Columbia.

Decided Jan. 15, 1940.

Paul J. Sedgwick, of Washington, D. C., for appellant.

Michael J. Keane, Jr., of Washington, D. C., for appellee.

Before STEPHENS, VINSON, and RUTLEDGE, Associate Justices.

VINSON, Associate Justice.

The plaintiff instituted this action in the district court for injuries arising out of an automobile collision in Maryland against the defendant, a sergeant in the regular army stationed at Fort Meade, Maryland. A summons was served on the defendant when he came into the District of Columbia on military duty. In the district court the defendant entered a special appearance and offered a motion to dismiss the action or to quash and vacate the service of process had on him, contending that one temporarily within this jurisdiction by reason of military service is immune from service of summons in a civil suit. The district court overruled the defendant's motion and from that order this court allowed a special appeal.

The sole question presented is whether one temporarily within the District of Columbia on military duty in time of peace is immune from the service of such civil process.

No such privilege existed at common law.[1] "The * * * privilege here asserted must not be confused with the common-law rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service in another. That rule of practice is founded upon the needs of the court, not upon the convenience * * * of the individuals concerned. And the immunity conferred by the court is extended or withheld as judicial necessities require."[2]

As might be expected, protection of the rights of those engaged in military

[1] Murrey v. Murrey, 216 Cal. 707, 16 P.2d 741, 85 A.L.R. 1335; Land Title and Trust Co. v. Crump, 16 Pa.Co.Ct.R. 593, reversed on ground that public policy required such a privilege, Land Title & Trust Co. v. Rambo, 174 Pa. 566, 34 A. 207. For cases indicating that the common-law privilege from service of summons in a civil suit was limited to those temporarily in a jurisdiction in connec-

tion with a lawsuit, see Long v. Ansell, 293 U.S. 76, 55 S.Ct. 21, 79 L.Ed. 208; Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720; Merrick v. Giddings, 1 MacArthur & M. 55, 11 D.C. 55; Berlet v. Weary, 67 Neb. 75, 93 N.W. 238, 60 L.R.A. 609, 108 Am.St.Rep. 616, 2 Ann.Cas. 610.

[2] Long v. Ansell, supra [293 U.S. 76, 55 S.Ct. 22, 79 L.Ed. 208].

service has been the subject of legislative concern.[3] In Section 1237 of the Revised Statutes, 10 U.S.C.A. § 610, now in force Congress has provided that "No enlisted man shall, during his term of service, be arrested on mesne process, or taken or charged in execution for any debt, unless it was contracted before his enlistment, and amounted to $20 when first contracted". The term "arrest" connotes physical restraint not involved in mere service of summons in a civil suit.[4] The Supreme Court so held in Long v. Ansell, 293 U.S. 76, 55 S.Ct. 21, 79 L.Ed. 208, in construing Article I, Section 6, Clause 1, of the Constitution, U.S.C.A., which provides that Congressmen "shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same". Hence, a soldier is not "arrested on mesne process" when he is served with summons in a civil case. It is also obvious that he is not "taken or charged in execution for any debt" by such service. It is, therefore, clear beyond doubt that Section 1237 of the Revised Statutes does not exempt those in the military from service of summons in a civil suit.

Upon the occasion of the first World War, the Congress of the United States enacted the Federal Soldiers' and Sailors' Civil Relief Act, 40 Stat. 440. Section 200 of the said Act provided that a judgment could not be secured against an absent defendant in military service unless the defendant was represented by an attorney and the court was authorized to appoint such an attorney. A judgment so secured was vulnerable to any meritorious defense until 90 days after the defendant's term of service terminated, if he could establish that his military service had prejudiced his defense to the action. Sections 201 to 205 of the Act authorized the court in its discretion to stay any actions against those in military service. Under this statute persons engaged in military service *were not exempt* from the service of civil process. Konkel v. State, 168 Wis. 335,

[3] An annotation in 9 A.L.R. at page 6 deals with the subject of war moratory statutes and indicates that statutes designed to protect the rights of soldiers have frequently been enacted by state legislatures.

It is there stated that: As far back as 1794 South Carolina adopted a statute prohibiting any civil officer from executing any process on one obliged to bear arms. In 1822 Pennsylvania adopted a statute exempting militiamen from execution or other process when called into actual service by the President or Governor. Before Texas was admitted to the Union, its legislature in 1836 adopted a statute exempting soldiers and sailors from arrest, attachment, executions, embargo, and sequestration in all civil cases. The act was re-enacted in 1843.

During the Mexican War, Missouri passed an act suspending service of process "of any kind" and continuing suits already instituted against volunteers until after they had returned home.

The Civil War saw enactment of many such statutes. Missouri adopted a statute prohibiting institution of a civil suit or prosecution of the same against one in military service until 30 days after his discharge. States passing statutes that in substance prohibited the issuance or enforcement of civil process against those in military service until after their discharge or some fixed period thereafter included Pennsylvania, Wisconsin (act held unconstitutional), and South Carolina (mesne or final process). Other states enacted statutes providing for mandatory or discretionary continuances of suits against soldiers until after the war. Among such states were Arkansas (act held unconstitutional), Georgia, Illinois, and Iowa. Still other states enacted statutes prohibiting enforcement of certain types of writs or process (Florida, Alabama, Texas, North Carolina). Kentucky passed a statute closing the courts as far as money judgments were concerned for a period of seven months during the Civil War.

At the time of the first World War, Wisconsin adopted a statute making all those in military service "exempt from all civil process". The Act was held invalid in Konkel v. State, 168 Wis. 335, 170 N.W. 715, as conflicting with the Federal Soldier's and Sailor's Relief Act. Oregon adopted a statute prohibiting mortgage foreclosures against one in military service until 60 days after the expiration of his service, which the Oregon court upheld. Pierrard v. Hoch, 97 Or. 71, 184 P. 494, 191 P. 328. The legislature of North Dakota enacted a moratorium statute which provided that judgments against those in military service should be vacated and no further proceedings in such actions commenced until after the termination of the war.

[4] Land Title & Trust Co. v. Rambo, 174 Pa. 566, 34 A. 207; Merrick v. Giddings,

170 N.W. 715.[5] The Act expired by its own terms six months after the termination of the war. It is significant to note that even in time of war Congress did not see fit to exempt soldiers in active duty from the service of summons in civil suits.

In view of the Congressional decision that, in both time of war and peace, the rights of persons in military service, and the public interest can be adequately protected without according such persons immunity from the service of such process, and in view of the fact that such an immunity is in "derogation of the right which every creditor has to collect his debt by subjecting his debtor to suit in any jurisdiction where he may find him", Murrey v. Murrey, 216 Cal. 707, 16 P.2d 741, 742, 85 A.L.R. 1335, this court cannot, in time of peace, grant the defendant the privilege for which he contends. Cf. Hart & Foster v. Flynn's Executor, 8 Dana, Ky., 190, 191; Murrey v. Murrey, supra. Decisions apparently reaching a contrary result are distinguishable on their facts [6] or predicated on the express language of a state statute. [7]

We conclude that the defendant was subject to service of summons in a civil suit when he entered the District of Columbia on military duty.

The order of the district court is therefore affirmed.

Affirmed.

---

supra, note 1; Hart & Foster v. Flynn's Executor, 8 Dana, Ky., 190, 191.

[5] Cf. Pierrard v. Hoch, supra, note 3.

[6] In Land Title and Trust Co. v. Rambo, supra, the Pennsylvania Court held that those temporarily within the jurisdiction by reason of military service must be exempted from the service of civil process on grounds of public policy. An act of the Pennsylvania legislature of 1887, P.L. 48, § 127, exempted those "mustered into the service" from civil process and re-enacted in substance an act of 1861 which, in turn, replaced a similar act of 1822. The Act of 1887 was in force at the time of the Rambo decision, but the court had, in an earlier decision, construed the similar 1861 Act as applicable only to soldiers mustered into service to suppress a rebellion. The defendant soldier in the Rambo case was served while returning from a national guard encampment. Thus the case did not fall within the Act of 1887 as construed. Nevertheless, the court's decision that the public policy of Pennsylvania required an exemption from civil process for those temporarily within the jurisdiction on military duty is understandable in view of the repeated affirmative legislative approval of that general policy. By the same token, the contrary result is in order in the instant case by reason of the Congressional action in reference to this subject matter.

In Filer v. McCornick, D.C.W.D.Cal., 260 F. 309 a bank president called from the state of his residence, Utah, by the governor of a Federal Reserve Bank to a conference in California concerning the marketing of United States securities to assist in financing the war with Germany then in progress, was held to be exempt from service of civil process in California by a federal district court there. An action had previously been instituted by the same plaintiff on the same cause of action in Utah and was pending at the time the process was served in California. Furthermore, the case arose in a time of emergency and involved a function concerning which there was no federal legislation in respect to immunity from process. That decision is not, therefore, pertinent to the instant case and we are not called on to consider its soundness.

[7] See statutes (referred to in note 3), and cases cited in note 9 A.L.R. 6. See, also, 50 C.J. 558, and cases cited.