## Kerr v. Vacca

*A. J. White*, for plaintiff.

*John J. McDevitt, 3d*, for defendant.

KELLEY, J., April 29, 1959.—By his motion for judgment on the pleadings defendant seeks an adjudication that plaintiff's cause of action for personal

injuries sustained August 12, 1952, is barred by the two-year limitation provision in section 2 of the Act of June 24, 1895, P. L. 236, 12 PS §34. The pleadings disclose the following facts:

On June 4, 1953, a complaint was filed. Attempted service resulted in a return of "not found." On October 29, 1953, defendant enlisted in the United States Navy for a term of four years, and he remained in military service continuously until September 27, 1957. On December 14, 1956, the complaint was reinstated and, again, attempted service resulted in a return of "not found". On November 6, 1957, the complaint was reinstated a second time and service was finally made on November 9, 1957.

Plaintiff contends that he is not barred by his failure to reinstate the complaint within a period of two years after it was filed because defendant's enlistment on October 29, 1953, and his subsequent military service tolled the running of the statute of limitation. In support of this contention plaintiff cites section 4 of the Act of April 18, 1861, P. L. 408, 51 PS §21, which provides as follows:

"No civil process shall issue, or be enforced against any person mustered into the service of this State or of the United States, during the term for which he shall be engaged in such service, nor until 30 days after he shall have been discharged therefrom:

"Provided, that the operation of all statutes of limitations shall be suspended upon all claims against such person during such term."

While there are a number of lower court decisions supporting plaintiff's contention that the Act of 1861 is still in effect (see e.g., Anderson v. Jaszenski, 81 D. & C. 428 (1952): Fister v. Bollinger, 51 D. & C. 621 (1944), and Davis v. Detweiler, 28 Dist. R. 113 (1918)), other lower courts have concluded that this

act was intended to apply only to persons called into service to suppress the rebellion, and that, in any event, the act has been repealed. See, e.g., Zarlinsky v. Laudenslager, 14 D. & C. 2d 124 (1958), and Lawther v. Lawther, 53 D. & C. 280 (1945). No case has been cited in which the act was applied to a peacetime enlistment. In our opinion the decisions of the Supreme Court in Manlove v. McDermott, 308 Pa. 384 (1932), and Land Title and Trust Company v. Rambo, 174 Pa. 566 (1895), tend to support the conclusion that this act does not render peacetime servicemen immune from service of process or toll applicable statutes of limitation. However, since we base our decision on an Act of Congress, we do not decide this question here.

Section 205 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. 1181, 50 U. S. C. App. §525, provides, in part, as follows:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation or order for the bringing of any action or proceeding in any court . . . by or against any person in military service . . . ."

The effect of this provision is to suspend the operation of statutes of limitation generally during periods of military service. See, Annotation, Provisions of Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. 1181, 50 App. U. S. C. §525, as amended, relating to suspension of statute of limitations during period of military service: 26 ALR 2d 284-296.

Although the termination date of the Soldiers' and Sailors' Civil Relief Act was originally set at May 15, 1945, or six months subsequent to the coming into force of a peace treaty if the United States was then "engaged in a war" (50 App. U. S. C. §584), Con-

gress by section 14 of the Universal Military Training and Service Act of June 24, 1948, 62 Stat. 50 App. U. S. C. §451, continued all sections of the Soldiers' and Sailors' Civil Relief Act in force "until such time as . . . [it] is repealed or otherwise terminated by subsequent Act of the Congress." To date there has been no such subsequent act of the Congress. Since we believe that the provisions of the Soldiers' and Sailors' Civil Relief Act are in full force and effect and controlling here, we hold that the statute of limitations in question was tolled during the period of military service. It follows that the action is not barred.

### Order

And now, to wit, April 29, 1959, defendant's motion for judgment on the pleadings is overruled.