Thomas C. Chimera, J.
This is an application for an order of arrest of the defendant, judgment-debtor, based on a contempt order of this court arising from the willful refusal or unwillingness of defendant to submit to examination in proceedings to enforce a money judgment.
It appears that a subpoena duces tecum returnable September 20, 1963 was served by substituted service upon defendant after four attempts at personal service. Upon defendant’s failure to honor said subpoena, plaintiff moved to punish him for contempt. In that proceeding the service was traversed and the matter was referred to a Special Referee to hear and report with recommendations. By order of Mr. Justice Markbwich, the said Special Referee’s report finding proof of due service was confirmed. The traverse was overruled and the examination was ordered for the fifth day next succeeding service of a copy of the said order with notice of entry, which order provided inter alia that defendant could purge himself of his contempt by paying the entire judgment or by appearing for examination on a new scheduled date. The order of Mr. Justice Markbwich was appealed and the appeal suspended on stipulation of the parties, dated December 31,1963, signed by defendant in person and by the attorneys for both parties, until the disposition in the Appellate Division, of an appeal from the judgment itself. The stipulation provided, among other things, that within 15 days after service of a copy of the order affirming or conditionally affirming such judgment, defendant would appear for such examination at a time and date to be agreed upon by both counsel and, in the absence of agreement, to be fixed by Special Term.
The appeal from the judgment resulted in a “ conditional affirmance ”. The attorneys failed to agree on the time and *316 date of the examination provided for and the matter was brought to Special Term where Mr. Justice Backer, on March 27, 1964, finally set the examination for May 1, 1964 at Special Term, Part II, at 10:00 a.m., unless otherwise stipulated by the parties.
Defendant thereafter applied for a stay of the examination and this application was denied on April 29, 1964 by Mme. Justice Amsterdam.

The defendant failed to appear for examination on May 1, 1964.

In his memorandum defendant raised .six points, four of which are cumulative or wholly unworthy of comment. The other two resist this application on the grounds (1) of constitutional privilege and in any event that his conduct is excusable; (2) that there is in the record no order fining the defendant the amount of the judgment entered against him and no operable contempt order upon which, for its validity, an arrest order must be based.
Section 6 of article I of the Constitution of the United States, insofar as applicable to this matter, reads as follows: “ They [Senators and Representatives] shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same ’ ’.
Where arrest is concerned, except in criminal cases, the provision is abundantly clear and there is ample judicial support for this proposition (Williamson v. United States, 207 U. S. 425; Long v. Ansell, 293 U. S. 76, and cases cited).
And there is substantial support too, judicial and otherwise, for the proposition that a legislator is privileged from civil process, directing him to appear and attend in a civil matter during his attendance at a legislative body and in going to and returning from same, the disobedience of which is punishable by body execution (see People ex rel. Hastings v. Hofstadter, 258 N. Y. 425 and authorities therein cited).
To paraphrase Lord Mansfield, quoted in Williamson (supra, p. 439), the rationale of the constitutional fiat, the judicial utterances and the respected writings above cited, the wisdom of these conclusions is bottomed on the necessity for members of Legislatures to be free in their persons in cases of civil suits, for there may come a time when the safety and welfare of the Nation or the State may depend upon their attendance in Congress or the Legislature as the case may be.
Jefferson put it differently but pointedly: “ This privilege from arrest, privileges of course against all process, the disobedience to which is punishable by an attachment of the person, *317 * * * and with reason, because a member has superior duties to perform in another place.” (Quote from Matter of Potter, 55 Barb, [appendix] 625, 628.)
These are concepts easily acceptable and it would not be difficult to accept, too, the conclusion that a Congressman subject to call is either in attendance, going to or returning from Congress, so long as that body is in session, whether the Congressman is busy with important committee work or basking in the sunshine of Puerto Rico on a given day. The magic words appear to be “ while congress is in session ”. Happily, although this conclusion offers the possibility of an intriguing dialogue, it will not be necessary to this opinion because the decision of this court must be based on other considerations.
We may not lose sight of the fact that the contempt of court charged here is related back to the subpoena duces tecum, through a tortuous course, ruled to have been properly served upon defendant; to an unexplained refusal to appear on the date mentioned therein; to an order adjudging defendant in contempt, fining him the full amount of the judgment as of that time and generously permitting defendant to purge himself by paying the fine or submitting to the examination on a new date fixed; to an appeal from that order and a suspension of that appeal on terms substantially dictated by defendant, stipulated over his signature and sealed with his written promise to submit to examination if the appeal from the judgment itself would result in defendant’s disfavor in whole or in part — all of these acts and proceedings taking place during a time when Congress was not i/n session.
The end result of all this was that another new date subsequently had to be set for the examination, this date falling within a period when Congress was in session.
My learned colleague, Mme. Justice Amsterdam, was asked to say that defendant, who solemnly agreed to appear for examination when Congress would be in session, as a condition for a stay of an examination scheduled on a day during which Congress was not in session, must be allowed to plead congressional immunity. She refused to say so on the ground that defendant had waived his constitutional immunity “ if any in fact ever existed ”.
On this application I am asked to rule that the constitutional immunity in question may not be waived by defendant, that it belongs to the people and, by extension, to Congress. It is not difficult to come to this conclusion. Be that as it may, such a conclusion will give no comfort to defendant because the acts of this defendant during the period in which he could assert *318 no such privilege and for which he was already found in contempt and fined, are the acts that he must answer for.
In his affidavit submitted in answer to the moving papers, defendant deposes that his written stipulation to appear to testify on May 1, 1964 was made in good faith but that he “ did not intend, nor did (he) contemplate that this agreement would bind (him) to the performance of an act which, if consummated would constitute a gross violation of (his) duties in Congress and to the nation.” And he goes on to further depose that he is Chairman of the Committee on Education and Labor of the House of Representatives which is considering very important legislation and that “ the President of the United States has requested of (him) that the work of the committee concerning the Economic Opportunities Act be expedited because of its urgency * * * and that (he) and members of the committee have been so engaged almost daily for the past several weeks ” (emphasis ours).
The suggestion that if defendant had honored his ‘£ word ’ ’ on May 1, 1964, it would have constituted ££ a gross violation of (his) duties in congress and to the nation ” is fatuous. And his bland assertion that he neither intended nor contemplated that his £ ‘ word ’1 would bind him to the performance of such an act, is a contemptuous acknowledgment that he never intended to keep his word from the very beginning.
Finally, defendant’s attempt to cloak his committee’s activities with the character of a presidential command performance to the exclusion of all personal freedom and obligation, and, his intimation that the President of the United States would encourage defendant’s wanton disregard of the authority of this or of any other court is beneath the dignity of a man in high public office.
We come now to the second basis for defendant’s resistance to the application herein.
I find it difficult to believe that counsel for defendant does not know the implications of the decision of the learned Appellate Division reducing, as excessive, the original judgment entered on the verdict of the jury at Trial Term. It is sufficient to say that the original judgment stands; albeit for a lesser amount, and that defendant never ceased to be a judgment-debtor at any stage of the proceedings under attack. Moreover, in the absence of a stay of proceedings pending final appeal to the Court of Appeals, such appeal does not alter defendant’s status as a judgment debtor subject to examination in supplementary proceedings.
*319 The following is the full argument set forth under “ Point Three” of defendant’s brief: “ The record discloses the existence of a contempt order which was settled and abandoned by mutual agreement of the parties. That contempt order related to a prior judgment and the failure to appear pursuant to a subpoena. The plaintiff’s instant aggrievement relates to the failure of defendant to have obeyed a court order requiring defendant to appear in court on May 1, 1964 to be examined. For her relief, on account of said default, plaintiff is relegated to the remedy of moving to punish defendant for disobeying the Court’s order. Since she has not so moved, a motion to arrest defendant is premature. Section 5104, C. P. L. R., Section 5251.”
Defendant cannot be so naive! The stipulation dated December 31, 1963 conditionally provides for the settlement and abandonment of the contempt order dated December 27, 1963 (Markewioh, J.). The contempt order, supra, does not relate to a prior judgment. There is only one judgment in this case. A modification on appeal does not constitute a second judgment. Plaintiff’s instant application relates to the contempt order, supra, of which the subsequent order dated March 27, 1964 (Backer, J.), requiring defendant to appear in court on May 1, 1964, is a mere extension, expressly intended to substitute for the original examination date fixed in the contempt order, supra, and is the critical condition for the proposed settlement and abandonment of the contempt order in question.
Consider this language of the stipulation itself:
Par. 1. “ That the appeal from the order of Mr. Justice Arthur Markewich dated December 27, 1963, be and the same hereby is suspended pending the determination of the main appeal herein from the judgment ’ ’ etc.
Par. 9. “ Upon compliance with the terms of this stipulation by Adam Clayton Powell, Jr. without conceding the fact or valid finding of such contempt, it is agreed and consented to that Adam Clayton Powell, Jr., be deemed purged of the contempt order dated December 27, 1963, and that the fine be waived in all respects ” (emphasis supplied).
An examination in supplemenary proceedings need not be an extended affair unless a judgment debtor is evasive and unco-operative.
It was not a valid argument to say, too, as defendant did, that an examination would have compelled him to give evidence which might tend to incriminate him. All of his constitutional rights could have been asserted on the examination itself and *320 a Justice at Special Term would be there to evaluate and to rule upon them.
Defendant has failed satisfactorily to excuse or explain his misconduct and such misconduct was calculated to and actually did defeat, impair, impede and prejudice the rights and remedies of the plaintiff-judgment-creditor.
Moreover, the conduct of defendant in this matter, in my judgment, has been so flagrantly contemptuous of the authority and dignity of this court as to promote a tragic disrespect for the judicial process as a whole. No man should be allowed to continue in this fashion and it is time for defendant to answer for it.
The fine for his contempt has already been fixed in the order of December 27, 1963. The intention of Mr. Justice Maricewioh is clear and the amount of the fine must adjust to the condition imposed by the Appellate Division.
There is, in my judgment, no foreseeable day on which we may expect this man to appear on his own, so that only one course is open to the court.
An order of arrest shall issue with provision for a stay until the current session of the House of Representatives stands in recess.
Ordered that execution of this order shall be stayed while the U. S. House of Representatives is in session and defendant is a member of that body.