ESTHER JAMES, Appellant, *v.* ADAM C. POWELL, JR., Respondent, et al., Defendant.

First Department, October 25, 1966.

*Raymond Rubin* for appellant.

*Henry R. Williams* for respondent.

STEUER, J. Plaintiff judgment creditor moved to punish the judgment debtor for contempt for a willful failure to obey a subpœna in supplementary proceedings. As the long and ugly record in this matter shows, this failure to obey is consistent with the debtor's cynical refusal to honor his own promises together with a total disregard of any and all process that has

been served upon him. However, much as this conduct may be deplored, if, upon this particular application, he acted within his rights, he is not subject to sanction. On the other hand, if his conduct is not legally excusable, it is time for this sorry spectacle to be terminated by definite action.

The application seeks punishment for both a civil and criminal contempt. The debtor does not dispute that there is jurisdiction to punish for a civil contempt (while not conceding that a proper case for such sanction was made out) but disputes jurisdiction to punish for criminal contempt. We believe the respondent's contention in this respect to be sound. The opening words of section 750 of the Judiciary Law provide: "A court of record has power to punish for a criminal contempt, a person guilty of any of the following acts, and no others". There follow some eight specific situations in which the power may be employed. Section 753 deals with the power to punish for civil contempt. Here, again, are listed eight specific situations. Among these is: "5. A person subpœnaed as a witness, for refusing or neglecting to obey the subpœna, or to attend, or to be sworn, or to answer as a witness." This should be contrasted with the same numbered paragraph of section 750, which reads: "5. Contumacious and unlawful refusal to be sworn as a witness; or, after being sworn, to answer any legal and proper interrogatory." Patently the situation here involved — failure to respond to a subpœna — is covered by section 753, the section on civil contempt, in direct terms and is not so covered in section 750, dealing with criminal contempt. Where the Legislature has specified the instances to which criminal and civil contempt are respectively applicable, the inclusion of one instance under one heading and its omission under another leave no room for interpretation. Failure to obey a subpœna in civil proceedings is therefore a civil but not a criminal contempt.

As stated, respondent does not deny jurisdiction for civil contempt. His defense to this phase of the application is that his refusal to obey the subpœna was not willful. Factually he sets out — what is not disputed — that the subpœna was both served upon him and made returnable on a date when Congress was in session. It is not entirely clear whether he contends that, being a Representative, he is excused during the session or whether he believed himself to be immune from process and hence did not willfully disobey the process. We will consider the question as if both points are raised.

Section 6 of article I of the United States Constitution gives to Senators and Representatives immunity from arrest (except in certain cases not material here) during attendance at

sessions and in going to and returning therefrom. The immunity is from civil arrest (see *Williamson* v. *United States,* 207 U. S. 425, 436), but there is no exemption from civil process short of arrest (*Long* v. *Ansell,* 293 U. S. 76). To elaborate on the above, a member of Congress must respond to civil process and is liable for all consequences of disregarding the same except that he cannot be subjected to arrest during a session of Congress. Consequently, there is no immunity from the service of a subpœna. "A subpœna is not an arrest, though there are circumstances in which disobedience to its command may give rise to an arrest" (*People ex rel. Hastings* v. *Hofstadter,* 258 N. Y. 425, 429). Whether or not the fact that a subpœna may, if disobeyed, give rise to an arrest brings it within the spirit of the constitutional exemption has not been authoritatively passed upon, and differing views have been expressed. As regards the exemption to members of the Congress, the only judicial expression discovered is that the possibility of imprisonment creates no exemption. It was observed that a body attachment would not be involved if the subpœna was obeyed and if disobeyed some other form of sanction could well be employed (*United States* v. *Cooper,* 4 Dall. [4 U. S.] 341). We believe that the foregoing is the proper approach, and the conclusion that there is no exemption from the process necessarily follows. The purpose of the exemption is not for the benefit or even the convenience of the individual legislators. It is to prevent interference with the legislative process. And it prevents the judicial branch of the Government from effecting such an interference by restricting the power of the courts. However, it is the broad principle that any such restriction of the judicial branch is limited to the instances where the exercise of judicial power would constitute an actual interference with the legislative or executive branches as distinct from one that is theoretical or conditional (*People ex rel. Broderick* v. *Morton,* 156 N. Y. 136). It may be argued, however, that attendance as a witness in itself may interfere with attendance at the sessions of Congress and hence come within the spirit of the exemption, if not its letter. This argument depends on the assumption that the court in the face of a showing of such actual interference will fail to make suitable provision by way of adjournment or fixing of a time and place of examination which will obviate any real conflict. Congress does not sit around the clock and legislators are frequently absent from its halls, entirely legitimately, during more or less extensive periods of the legislative session. Here, no attempt was made to seek any accommodation. Had such been made and refused, a different question would be presented, namely, whether the refusal showed the

abuse of a proper discretion. The filed record in this and in the companion case leave no room for speculation that the debtor was not amenable to examination at any time or place. And the question of whether attendance on the subpœna would, in fact, work an interference, was never presented. Actually, at this writing, the congressional session has been completed and Congress has adjourned.

It might be conceivable that although the debtor here did not enjoy an exemption, he believed he did, and that consequently his disregard of the process was not willful. It would be a sufficient answer that he has submitted no affidavit to that effect. Nor could he very well do so in light of the prior decisions in his own case, which must have received his attention (see, e.g., *James* v. *Powell*, 43 Misc 2d 314).

There only remains a disposition which takes into consideration the foregoing factors. The debtor is guilty of a civil contempt. For such he is fined $250 and is sentenced to 30 days in jail. The order to be entered hereon will, however, be limited by the provisions in the dispositive paragraph of this opinion.

No costs are allowed on this application because the briefs submitted by both sides were not helpful.

The order of Special Term should be modified on the facts and the law and as a matter of discretion to find respondent guilty of a civil contempt and to punish him by a fine of $250 and a jail sentence of 30 days. Respondent shall appear on November 3, 1966 at 10:30 A.M. at Special Term, Part II, New York County Supreme Court, then and there to be examined or if he refuses to be examined, to surrender for service of the term imposed. Service of the term of imprisonment will be stayed during the examination and any adjournment of the same and the respondent, if he complies with the order of examination, will be excused from the imprisonment. Nothing herein contained shall prevent respondent from applying on good cause shown for fixing an alternate date for examination reasonably close to the date fixed. Service of a copy of the order herein may be made personally or by registered mail, addressed to respondent's residence in New York County or his office in Washington, D. C. If respondent fails to appear on November 3, 1966 or any alternate date that may have been substituted in accord with this disposition, commitment may issue on an ex parte application.

STEVENS, J. (dissenting). While I am in accord with much of what is set forth in the majority opinion, I am unable to agree procedurally with the disposition. Service of the subpœna and the return date fixed therein was at a time while Congress was

in session. Such a subpœna carried with it the possibility of arrest in the event of disobedience. The constitutional provision (U. S. Const., art. I, § 6) grants immunity from arrest to members of Congress while Congress is in session with certain specified exceptions not material here. In my view prior to adjudicating respondent in contempt as the court has done, a directive should have issued fixing a date for respondent's appearance subsequent to the adjournment of Congress in default of which respondent could then have been adjudged in contempt. The record on appeal is scanty, the briefs of no value, and the issue posed by reason of time of service, the status of respondent, and the constitutional provision heretofore referred to not entirely free from doubt (cf. *People ex rel. Hastings* v. *Hofstadter,* 258 N. Y. 425, 430; *Long* v. *Ansell,* 293 U. S. 76; *Bartlett* v. *Blair,* 68 N. H. 232). A judgment of arrest, though its execution be deferred, as here, may by its very nature inhibit proper performance of legislative duties. This is one of the objects sought to be avoided by the immunity from arrest provision.

BOTEIN, P. J., McNALLY and BASTOW, JJ., concur with STEUER, J.; STEVENS, J., dissents in opinion.

Order, entered on September 9, 1966, modified, on the facts and the law and as a matter of discretion, without costs or disbursements, so as to find respondent guilty of a civil contempt and to punish him by a fine of $250 and a jail sentence of 30 days.